Moran v. Plankinton, et al.

—————o—————

JOHN MORAN, Plaintiff in Error, *vs.* JOHN PLANKINTON, *et al.*, Defendants in Error.

1. *Actions—Multiplicity of suits—Knowledge of remedy, etc.*—Where, of certain stock stolen and purchased by a third party, the owner replevied a portion and afterward brought trover for the remainder, and it appeared that at the time of the first suit he had knowledge of the conversion of a portion of the stock claimed in the second, *held*, that for that portion his second action would not lie, but *contrawise* as to that touching the conversion of which he was ignorant. The rule prohibiting multiplicity of suits, has no reference to a case where the party has no knowledge of his means of redress.

*Appeal from Jackson  County  Circuit  Court.*

*H. B. Johnson, with  Tichenor &  Warner*, for Plaintiff in Error.

*Wallace Pratt & Frank B. Huff*, for Defendants in Error, cited : Wagner vs. Jacoby, 26 Mo. 532 ; Flaherty, Adm'r, vs. Taylor, 35 Mo. 447 ; 15 Johns. N. Y. 229 ; 16 N. Y. Court of Appeals, 548 ; 16 Johns. N. Y., 121–136 ; 12 Wis, 544 ; 1 Wend., 487 ;  10 Eng. Com. Law (3 Barn. & Cres.), 235 ;  8 Wend. 492 ;
22—VOL. LXIV.

| 64 | 337 |
| 35a | 251 |
| 64 | 337 |
| 36a | 399 |
| 64 | 337 |
| 44a | 414 |
| 64 | 337 |
| 49a | 210 |
| 64 | 337 |
| 59a | 28 |
| 59a | 652 |
| 64 | 337 |
| 130 | 49 |
| 64 | 337 |
| 141 | 258 |
| 64 | 337 |
| 147 | 646 |
| 64 | 337 |
| 82a | 612 |
| 82a | 613 |
| 64 | 337 |
| 96a | 91 |

13 Wend. 644; 15 Wend. 557; 2 Cow. & Hill's Notes (Ed. 1839), 842, and cases cited; 15 Johns. N. Y. 432; 16 N. Y. 548; Rice vs. King, 7 Johns. 20; McKnight vs. Dunlap, 4 Barb. (N. Y.), 36.

SHERWOOD, C. J., delivered the opinion of the court.

The plaintiff had seventeen hogs stolen from him; search being made his son discovered thirteen of them in the possession of the defendants, at their packing-house. The whole number, however, had been sold to defendants, who were innocent purchasers for full value. Plaintiffs, on discovering that thirteen of his hogs were in possession of defendants, went to their packing house, found six of his hogs killed, but not cut up, and replevied them with damages for detention.

At the time plaintiff brought replevin, defendants had so cut up and otherwise disposed of the remaining eleven hogs, by packing them with others, that it was alike impossible to distinguish or replevy them.

As to *four* of the hogs, it does not appear from the agreed statement that plaintiff had any knowledge of their conversion when he brought his first suit. The present one he instituted before a justice of the peace, for the value of the eleven hogs, and was successful; but on appeal to the circuit court the defendants had judgment.

There is no doubt respecting the general correctness of the proposition expressed in the maxim: "*nemo debet bis vexari pro una et eadem causa.*"

This rule, however, is not of universal application. The origin and object of the rule were the prevention of the vexations incident to a multiplicity of suits, which the law, equally as much as equity, abhors.

The principle above asserted finds more familiar expression in the statement, that a party shall not split his cause of action.

Now, it is quite obvious, that such prohibition *pre-supposes knowledge* of the constituent elements of the cause of action sought to be unwarrantably divided. If this be true, and it be true also that the law does not require what is impossible, then

it must needs follow, that a party should not be precluded in consequence of a former action, if such action were brought in unavoidable ignorance of the full extent of the wrongs received or injuries done. Any other conclusion would be reached only through sanctioning the rankest injustice.

In Farrington vs. Payne (15 Johns. 432), the question is asked: " Suppose a trespass, or a conversion of a thousand barrels of flour, would it not be outrageous to allow a separate action for each barrel ? " Undoubtedly it would. But in such a case, where the owner is ignorant of the extent of his loss, would it not be far more outrageous to allow a recovery of *one* barrel, to prevent the recovery of the remaining nine hundred and ninety-nine ?

This question will meet with an affirmative response in every honest heart.

Our views of the matter now before us, then, are, that as to the *four* hogs, of whose conversion plaintiff was ignorant when he brought his first suit, he is entitled to recover the value ; and the law should have been thus declared. (Risley vs. Squire, 53 Barb. 280 ; Freem. Judg. § 241 ; Bennett vs. Hood, 1 Allen, 47.)

Judgment reversed and cause remanded. All the judges concur.