Joseph P. Funk, Appellant, v. George J. Funk, Respondent.

St. Louis Court of Appeals, April 2, 1889.

1. **Replevin : SPLITTING CAUSE OF ACTION.** Where several articles of personal property were wrongfully taken from the plaintiff by the defendant in one act, the plaintiff cannot split his cause of action so as to sue for a part of them in replevin, and retain his right of action in trover for the residue. The action first adjudged becomes *res judicata* as to a subsequent proceeding for part of the goods taken at the same time. He may sue in replevin for all, and if part of the goods are not accessible *in specie*, he may recover their value in the same action.

2. **Practice, Trial:** JURISDICTION. When part of the subject-matter of a suit over which the circuit court has jurisdiction is cut down upon its merits, so that what remains to be litigated is below the jurisdiction, the court does not thereby lose jurisdiction of what remains and, if the action be *ex contractu*, the only new question thus introduced relates to the costs.

*Appeal from the St. Louis City Circuit Court.*—Hon. George W. Lubke, Judge.'

REVERSED AND REMANDED.

*George M. Stewart*, for the appellant.

The only question for the consideration of this court is whether the suit which is set out in the answer and pleaded in bar of this case is such bar. The position of appellant when he instituted the replevin suit was this: His property had been wrongfully taken from him by respondent and a part of it concealed so that it could not be reached by replevin. Respondent was insolvent and appellant was therefore placed in this position. He must either save such of his property as he could find and reach with the writ of replevin, and try to recover the value of the portion secreted in another action, or bring trover for the value of all the property taken and take a valueless judgment. Suppose that respondent had divided or scattered the property so taken by him that a part of it was found in his possession in Missouri and another portion in Illinois, could it logically be argued that a recovery in Missouri would be a bar to a suit for the recovery of the residue in Illinois? The question seems to compel a negative response.

*Frederick Gottschalk*, for the respondent.

The statement of appellant is taken as correct, that the only question for the consideration of this court is,

whether the suit, which is set out in the answer, is a bar to this suit? The trial court held it to be such a bar, under the decision of the supreme court, in the case of *Moran v. Plankington*, 64 Mo. 337, in which case the plaintiff, who had seventeen hogs stolen from him, found eleven of them in defendant's possession, but five of them were so cut up and packed with others, that it was alike impossible to distinguish or replevy them; he therefore replevied the remaining six; afterwards having ascertained that said defendant had also the missing four hogs, of the possession of which by defendant plaintiff had been ignorant, he brought his suit, to recover the value of eleven hogs. The court held, that the former replevin suit for the six hogs was a bar to this action, but not so, as to the four hogs of the conversion of which plaintiff was ignorant. This decision has never been questioned in this state; its doctrine is, that, whenever a party make a choice of remedies, he must abide by his choice, and facts only, which show that he did not make a choice, will excuse his bringing another suit for part of the same cause of action; as in this instance his ignorance of the existence of the four hogs. How is it with the case at bar? Plaintiff admits, that he was acquainted with all the facts, and that he made his choice with open eyes.

THOMPSON, J., delivered the opinion of the court.

The question for decision in this case arises upon a demurrer to the plaintiff's reply to new matter set up in the answer, which demurrer was sustained. The plaintiff states in his petition that, on the twenty-first day of July, 1886, the defendant was duly appointed administrator *de bonis non*, with the will annexed, of the estate of John Funk, deceased, by the probate court of the city of St. Louis, and that he duly qualified and acted and is now acting as such; that, while acting as such administrator, he wrongfully took from the plaintiff the possession, for the use and purposes of said estate, of the

following articles of personal property.   Here follows a
list of the personal property alleged to have been taken,
with the value annexed to each article.   The petition
then further recites that the defendant has and holds the
same and refuses to return the same to plaintiff, etc.

The answer admits the appointment of the defend-
ant as administrator *de bonis non* of the estate of John
Funk, deceased, and his qualification as such, and that
he is acting as such, but denies each and every other
allegation of the petition ; and then, in a separate
paragraph proceeds as follows :   " The said plaintiff
ought not to have or maintain this action, for the reason
that, heretofore, to-wit:   On the twenty-third day of
July, 1886, he, said plaintiff, instituted in this court his
suit in replevin, being number 71,305, for all articles of
personal property averred to have been taken by this
defendant, and which were in fact taken by this defend-
ant in good faith, as the property of said estate and there-
after inventoried by him as such, at the same time and
as part of the same transaction, as the taking and con-
verting of the articles herein mentioned is averred to
have taken place.   In said replevin suit such proceed-
ings were had that a judgment was rendered therein for
plaintiff on March 4, 1887.   And all the taking, if any,
was by one transaction, had at the same time and place,
and between the same parties ; and the said plaintiff,
having made his election as to the manner and object of
his suing, is now debarred from suing again for the
same transaction ; and this defendant says said former
suit operates as *res adjudicata* as to the matters and
things herein set forth."

The plaintiff, for reply to the new matter thus set
out, alleges :  That when he instituted the suit mentioned
in said answer, by replevin, the money and other arti-
cles sued for except the account which defendant
collected from Henry Gerger as set out in the petition,
had been taken and concealed by the defendant, so that
they could not be found when he instituted said suit by

replevin for other property taken as alleged ; that the cash so taken, as alleged in the petition, had been secreted about the person of defendant or in some other place unknown to plaintiff, and he could not find same so as to recover it by replevin ; and that the money, collected from Henry Gerger and converted by defendant as alleged in the petition, was so collected and converted after said suit named in the defendant's answer had been begun. Plaintiff further states that, when he begun his said action by replevin, as set out in defendant's answer the defendant was insolvent and had no property subject to execution and that, in order that plaintiff should save himself from loss of all the property so wrongfully taken from him by the defendant, it was necessary that he recover the same in specie ; and he did therefore resort to the action of replevin, for the recovery of such property as he could find in the possession of the defendant. Wherefore plaintiff prays judgment, etc.

These pleadings are somewhat blind, but we gather from the new matter set up in the answer of the defendant that he intended to allege that at the time when the property mentioned in the petition was taken by him from the plaintiff, other property was also taken by him from the plaintiff, the taking constituting one transaction ; that the plaintiff elected to split his cause of action and bring replevin for a part of the property thus taken, whereby he is precluded from bringing another action as to the remaining part. We understand the plaintiff's reply as intended to set up a state of facts which justify the plaintiff in thus splitting his cause of action,—bringing replevin for such of the property as he could find in specie and bringing an action in the nature of trover for such as he could not find in specie. Then, as to the small item of cash collected from Henry Gerger, which is charged in the petition as amounting to the sum of $6.35, the plaintiff by his reply intends to excuse himself for not including that item in his original action, on the ground that the conversion of that had not taken

place, and consequently that no cause of action in respect of that had arisen, at the time when his replevin suit was brought.

On a reconsideration of the question, we have come to the conclusion that the plaintiff, in his reply, does not state a sufficient reason for splitting the cause of action and not including all the items of property taken in his action of replevin.   The general rule is that a plaintiff, having an entire demand against a defendant, cannot split that demand and bring separate actions in respect of it, but that if he brings one action for a portion of it and recovers in such action, the judgment will be a. bar to any future action for any other portion of it. *Bendernagle v. Cocks*, 19 Wend. ( N. Y. ) 207 ; s. c., 32 Am. Dec. 448 ; *Hite v. Long*, 6 Rand. 457 ; s. c., 18 Am. Dec. 719 ; *Oliver v. Holt*, 11 Ala. 574 ; s. c., 46 Am. Dec. 228 ; *Stevens v. Tuite*, 104 Mass. 335.   In *Folsom v. Clemence*, 119 Mass. 473, this principle was applied so as to reach the conclusion that the taking by one act of several chattels belonging to the same person will not sustain more than one action.   In *Moran v. Plankington*, 64 Mo. 337, the principle was applied in the same way by our supreme court.   We understand this last case to hold that where several chattels have been taken by the defendant from the plaintiff by one act, and the plaintiff finds some of them in the hands of the defendant, but others of them have been so changed by the defendant that they cannot be recovered by the plaintiff in kind, if the plaintiff elects to sue in replevin for those which he can recover in kind, he cannot maintain trover in respect of the rest ; though he can maintain trover for such of the rest of whose conversion he was ignorant when he brought his action of replevin.   In other words, that case is authority for the conclusion that the mere fact, that the defendant has placed it out of the power of the plaintiff to recover a portion of the chattels in replevin, does not excuse the plaintiff in so splitting his cause of action as to bring replevin for the portion which

he can recover in kind and trover for the portion which he cannot recover in kind. It may be that other exceptions are admissible to this rule. This holding necessarily proceeds upon the conception that the remedy by the statutory action of replevin includes the remedy afforded by the common-law action of trover. Thus in the case of *Moran v. Plankington, supra,* if the plaintiff had, in his action of replevin, sued for the recovery of all the hogs the conversion of which by the defendant was known to the plaintiff, he could have recovered a portion of them in kind, and could have recovered the value of the rest ; and the same observation is pertinent to this case.

We are, therefore, of opinion that the demurrer to the reply was well taken, except so far as regards the cash item of $6.35. As to this item, the reply alleges that its conversion had not taken place at the time when the action of replevin was brought. It therefore could not have been included in that action. But the defendant endeavors to do away with the effect of this allegation, with the suggestion that, as to this item, the circuit court had no jurisdiction, and consequently, as the action could not stand for this alone, the judgment ought to be affirmed. We do not understand that it is a sound principle that, where a party brings an action upon a subject-matter within the jurisdiction of the circuit court and the amount of his demand is cut down upon a contest of its merits, whether by admissions in the pleadings or by the evidence adduced on the trial, to an amount below the pecuniary limit of the jurisdiction of the circuit court, that court thereby loses its jurisdiction. The question becomes merely a question of costs under the provisions of section 996, Revised Statutes, and then only in actions *ex contractu.*

The plaintiff is therefore entitled to have his cause retained by the circuit court for contestation as to this item of $6.35 ; and to this end the judgment is reversed and the cause remanded. All the judges concur.