WILLIAM GREEN, Appellant, v. CHRIS VON DER AHE, Respondent.

St. Louis Court of Appeals, May 14, 1889.

1. **Splitting Demands:** RES ADJUDICATA. A claim can not be divided and made the subject of two or more suits; and there can be no recovery, in two suits, for services of the same character, rendered within the same period of time.

2. ——— : INSTRUCTIONS : PRACTICE. The question as to whether a former recovery covered a part, or all, of the subject-matter of the second suit, is one of fact for the determination of the jury under proper instructions.

3. ———. In such a case, an instruction which requires the jury to find for the plaintiff, unless they "believe that the value of the plaintiff's services here sued for were included" in the former suit, is properly refused.

*Appeal from the St. Louis City Circuit Court*—HON.
LEROY B. VALLIANT, Judge.

AFFIRMED.

*Frank M. Estes*, for the appellant.

"To sustain a plea of *res adjudicata*, there must be
evidence to show that the matters in issue, and decided
in the first suit, are the same as those presented for
determination in the second." The record from court
room number 1 did not sustain the plea of the defend-
ant, and the testimony of the defendant on that issue
was in the plaintiff's favor. Freem. Judg., sec. 238, p.
256; *Spurlock v. Railroad*, 76 Mo. 67; *Tutt v. Price*, 7
Mo. App. 194; *State ex rel. v. James*, 82 Mo. 509. The
evidence is conclusive that the subject-matter of the suit
in court room number 1 was separate and distinct from
that in this action, and it "may be shown by parol that
the questions which *prima facie* appear to have been
adjudged in a former suit were not in fact determined."
*Lightfoot v. Wilmot*, 23 Mo. App. 5; *Hickerson v.
Mexico*, 58 Mo. 61; *Armstrong v. St. Louis*, 3 Mo. App.
100.

*Cecil V. Scott*, for the respondent.

The doctrine of *res adjudicata* is well settled. As
to those matters embraced in action number 70221, that
action was a bar to this action. If an action is brought
when more than one claim arising out of the same trans-
action is due, a recovery in that suit will bar a second
action brought to recover the other claims that were due
when the first suit was brought. *Trans. Co. v. Traube*,
59 Mo. 355, 362; *Laine v. Francis*, 15 Mo. App. 107.
As to those matters not embraced in action number 70221,
they were submitted to the jury under proper instruc-
tions and their finding is conclusive.

Green v. Von der Ahe.

ROMBAUER, P. J., delivered the opinion of the court.

In February, 1886, the plaintiff instituted a suit against the defendant for two causes of action. The first related to a contract for rebuilding an omnibus. The second was for miscellaneous services rendered including the running of an advertising wagon, for services rendered and money spent in procuring the passage of a bill in the municipal assembly, buggy hire, omnibus hire, purchasing horse, etc. The second count was accompanied by a detailed schedule of the items sued for, covering a period from February, 1885, until October, 1885. Upon a trial of the cause, the plaintiff was non-suited on the first count, and recovered judgment on the second, March 17, 1887.

March 30, 1887, the plaintiff instituted the present action before a justice of the peace. He alleged in his statement that in February, 1885, the defendant employed him to do such work as the defendant might direct, and that he performed such services for five months. That the services consisted in superintending an advertising wagon, hiring all manner of conveyances for the defendant when the same were needed, and assisting the defendant in various ways while the defendant was acting as manager of a base-ball club, claiming that such services were reasonably worth fifty dollars a month.

Upon the trial of this action, the jury found a verdict for the defendant, and the errors assigned by the plaintiff upon this appeal are, that the court erred in admitting in evidence the record of the former judgment, as evidence of res adjudicata, and misdirected the jury in its instructions, as to the effect of such records.

It will be seen from the above statement, that the services, sued for in the second action, fall within the

period of time wherein the services recovered for in the first action were rendered, and that whatever cause of action the plaintiff had for the same had accrued, when the first action was brought. There was no evidence that the plaintiff was hired to perform any particular services, and the defendant denied that he ever was hired by him to perform any services, except those sued for and recovered in the first action.

The plaintiff claimed that he performed services in superintending the advertising wagon, for the running of which he had recovered in the first action, and in buying a horse which is an item sued for in the first action; in other respects his services seem to consist mainly in being around and holding himself in readiness to do what he was asked to do. His testimony was very indefinite, as the following extracts will show: "What did you do in the month of March? Whatever he asked me to do. Tell the jury what you did in the month of March? I can't remember what I did, I was there and that is all I know." The same vagueness as to the nature of services performed by him runs through his entire testimony.

At the close of the evidence, the court gave the following instruction for the defendant:

"The court instructs the jury that if they believe from all the evidence that the services sued for in this action were included in those services sued for by the plaintiff in action number 70221 in the circuit court, city of St. Louis, the record of which action has been read in evidence, or were reasonably necessary to the proper performance of the services sued for in that action, that then the judgment in that action is a final adjudication of the rights of the plaintiff in respect to such services, and the plaintiff is not entitled to recover in this action and your verdict should be for the defendant."

The court also gave the following instruction for the plaintiff : ·

"The court instructs the jury that if they believe from the evidence that on or about February 16, 1885, the defendant employed the plaintiff to do such work for him in and about the Sportsman's Park in the city of St. Louis, Missouri, as the defendant might require, and that the plaintiff entered upon the service of the defendant and did all manner of work required of him by the defendant and worked for the defendant for the period of five months, then your verdict must be——— plaintiff in such sum as you believe from the evidence such services were reasonably worth not exceeding two hundred and fifty dollars, the amount claimed in the petition, unless you find for the defendant on the other instructions."

And refused to give the following instruction asked by the plaintiff :

"The jury will not be influenced by the record in the case from court room number 1, read in evidence, unless the jury believe that the value of the plaintiff's services, here sued for, were included in the case brought and tried in court room number 1."

It is evident that the plaintiff's instruction refused was erroneous, since, by its terms, it excluded the record in the former suit from the consideration of the jury unless they believed that the value ( *i. e.*, the entire value ) of the plaintiff's services were included in the former suit. The question was not as to the value of the services, but as to the services sued for, and the record was proper evidence for the consideration of the jury whether all, or any part of, the services were sued for in the former action, since the plaintiff could not recover for the same services twice.

It is a well-settled principle that an entire claim can not be split up and made the subject of several suits. *Ruddle v. Horine*, 34 Mo. App. 616, and cases cited.

The form of the two actions in such cases is immaterial. *Moran v. Plankinton*, 64 Mo. 337; *Union Ry. & Trans. Co. v. Traube*, 59 Mo. 355; *Funk v. Funk*, 35 Mo. App. 246. It would be an anomalous proceeding, if one could recover for services of the same character rendered within the same period of time, in two different actions, by a mere variation in the designation of the services. Whether the former recovery covered part or all of the services now sued for was, under the evidence, a question of fact for the determination of the jury, and was properly submitted as such by the defendant's instruction.

The judgment is affirmed. All the judges concur.