WILLAM HERMANN, Respondent, v. SCHWARTZ BROS. COMMISSION COMPANY, Appellant.

St. Louis Court of Appeals, December 4, 1894.

Former Recovery: SPLITTING UP ENTIRE CAUSE OF ACTION. A single or entire cause of action may not be split up and made the basis of two or more suits. Accordingly, when judgment is recovered on an account wherein the judgment debtor is credited with an amount as due from him to a third person, the judgment debtor is not entitled to subsequently sue for that amount.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED.

*Alfred A. Paxson* for appellant.

The subject-matter of this suit was *res adjudicata.* The plaintiff brought a suit on December 1, 1891, for a part of his supposed claim against defendant before Squire Manning, and recovered final judgment thereon for the sum of $232.08, which was paid before the institution of this suit, and that suit, under the circumstances of this case, was and is a bar to this action, under the following authorities. *Wagner v. Jacoby,* 26 Mo. 532; *Flaherty's Adm'r v. Taylor,* 35 Mo. 447; *Union R. R. & Trans. Co. v. Traube,* 59 Mo. 355; *Laine v. Francis,* 15 Mo. App. 107; *Ruddle v. Horine,* 34 Mo. App. 616; *Funk v. Funk,* 35 Mo. App. 246; *Green v. Von der Ahe,* 36 Mo. App. 394.

*J. Hugo Grimm* for respondent.

ROMBAUER, P. J.—The facts developed by the evidence in this case, as far as the same relate to the controlling question of law arising thereon, may be summarized as follows:    One William Kahle farm-let a tract of land in the state of Illinois to Joseph Hermann, the plaintiff's father.    The rent remaining unpaid, Kahle attached the wheat raised on the farm.    All the testimony concedes that this wheat was subject to a lien for the rent, although the amount of rent is in dispute.    All the testimony likewise concedes that the minimum rent which was due from tenant, and for which the wheat was subject to an attachment, was $166.12.    Under these circumstances Joseph Hermann and Kahle met, and it was agreed between them that the wheat was to be released from the attachment and shipped to the defendant, a commission merchant in St. Louis, Missouri, to be sold by it, and the net proceeds to be distributed according to the respective claims of the parties thereto.    The wheat was shipped to the defendant, but, instead of being shipped in the name of one of the parties to the agreement, it was shipped in the name of the plaintiff, who claimed that the wheat was raised by him as a tenant, and not by his father.    The plaintiff is not shown to have been a party to the agreement under which the wheat was shipped, but there is not a particle of evidence in the record that the plaintiff, at any time prior to the institution of the present suit, questioned the fact in any manner that the wheat was subject to a rent claim of at least $166.12.

These being the undisputed facts, the plaintiff, in December, 1891, brought an action against the defendant before a justice of the peace on the following account:

"*Schwartz Commission Co. to William Hermann.*

"To amount of bill rendered me in sale
    of wheat . . . . . . . . . . . . . $629.75
"By cash received . . . . . . . . . . . 231.55

"Balance due . . . . . . . . . . . . . . 398.20
"*Amount credit to Fritz Kahle* . . . . 166.12

"Balance due *me* . . . . . . . . . . . $232.08

The plaintiff recovered the $232.08 in that action, and the defendant paid the judgment.

The present action is brought by the plaintiff to recover from the defendant the $166.12 and interest, which in the account formerly sued upon is represented by the item "Amount credit to Fritz Kahle $166.12." The theory of the plaintiff's statement before the justice in the present action seems to be that, as the defendant failed to pay that amount to Fritz Kahle, he, the plaintiff, can recover it now. The defendant by its evidence in the circuit court relied, among other defenses, on that of former recovery. The court, however, disregarded the defense, as it would seem, on a theory indicated by the following instruction which it gave of its own motion.

"The court declares the law to be that, whilst a plaintiff can not, as a general proposition, split up an entire claim or demand so as to form a basis of two or more suits, to the unnecessary vexation and cost of the defendant, yet it is not the law that a suit instituted and prosecuted to a judgment and satisfaction on part of a claim conclusively and under all circumstances bars a suit on the rest of the claim, *and the general proposition above mentioned is not applicable to the facts of this case.* (The italics are our own.)

We can not conceive on what theory the general proposition above mentioned is not applicable to the

facts of this case.  The form of the action cuts no figure, as has been frequently and uniformly decided. *Union Railroad and Transportation Company v. Traube*, 59 Mo. 355; *Moran v. Plankinton*, 64 Mo. 337; *Funk v. Funk*, 35 Mo. App. 246; *Green v. Von der Ahe*, 36 Mo. App. 394.  If the plaintiff had erroneously given a *voluntary* credit in the former action, he certainly could not recover the amount of such credit in a separate action.  Does it make any difference that, instead of giving a *voluntary* credit erroneously, he admits that the credit is proper and that he sets up no claim to so much of the account as is represented by the item "credit to Fritz Kahle $166.12.  The language of the account sued on in the former action speaks for itself.  It says in one place "amount due," and in the other "amount due *me*."  There is no pretense anywhere in the evidence that the defendant was not accountable to Fritz Kahle for the amount of $166.12, *at least*, out of the proceeds of the wheat.  To that amount the plaintiff never had any interest in the wheat according to his own testimony, and the uncontroverted facts of this case.  A shadow of a claim is supported by the fact, that the defendant or one of its clerks incautiously rendered a common account sale to the plaintiff direct, instead of rendering it from the defendant as trustee to the plaintiff as trustee.  Whether the plaintiff was a fraudulent trustee or not is immaterial.  That the defendant was accountable as trustee is shown by the uncontroverted evidence.

The defendant by its incautious action in rendering the account has unquestionably placed itself between two fires, but that is no reason why it should be held liable to this plaintiff for an amount beyond the plaintiff's right of recovery under the uncontroverted facts.  If the question of former recovery was entirely out of the way, the result could not be mater-

ially different; but the former recovery is decisive against the plaintiff.

All the judges concurring, the judgment is reversed.