*In re* ESTATE OF MURDOCK & DICKSON; D. H. ARMSTRONG, Respondent, v. JOHN G. PRIEST *et al.*, Appellants.

St. Louis Court of Appeals, May 14, 1889.

1. **Assignments:** DIVIDENDS: MOTION FOR PENALTY FOR ASSIGNEE'S REFUSAL TO PAY DIVIDENDS. A creditor of an assigned estate may, by motion, proceed against the assignee for failure to pay a first dividend, after due demand for such payment has been made, although neither the court nor the assignee shall have declared a dividend, and although the assignee may not have enough money of the estate to enable him to pay a dividend of five per centum.

2. ———. That the creditor's demand is for a larger percentage of his claim than the funds of the estate in the assignee's hands will warrant him in paying, will not excuse the assignee from making payment of such part of the demand as he may properly make.

3. ———: LIMITATIONS. The limitation of the statute is a limitation on the right of the creditor to make a demand for the payment of a dividend; and it is the duty of the assignee to pay a dividend as soon thereafter as the condition of the estate will reasonably permit.

4. ———: ASSIGNEE'S REQUEST FOR THE COURT'S DIRECTIONS. A defensive pleading, filed by the assignee, to a motion to compel him to pay a dividend, is not a request to the court for directions, which, under the statute, will protect him from the penalty imposed by the statute, for refusing to pay a dividend upon the demand of a creditor.

In re Estate of Murdock & Dickson.

5. ——— : BURDEN OF PROOF, When the moving creditor shall have shown that the assignee has enough money of the estate to enable him to declare a first dividend, and that a demand for its payment was made more than three days prior to the filing of the motion, the burden of proof is then on the assignee to show that the condition of the estate will not justify the payment of a dividend.

*Appeal from the St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*Henry H. Denison* and *W. H. Clopton*, for the assignee, and *S. N. Holliday*, for the administrator, appellants.

A dividend does not become due and payable, under the statute, until the amount thereof has been ascertained and the dividend declared in the manner provided by statute. *Van Arsdale v. Richards*, 1 Whart. 408. The assignee was not required to comply with the notice of D. H. Armstrong to pay him a dividend of three per cent., if such payment would be greater than the claimant's distributive share. *Hulse v. Marshall*, 9 Mo. App, 148; *Ogden v. Peters*, 21 N. Y. 23; *Harrison v. Mock*, 10 Ala. 185; *Field v. Flanden*, 40 Ill. 470. The judgment is erroneous, in that the court rendered a judgment without having given the assignee the directions for which he had applied for his protection. *Eppright v. Kauffmann*, 90 Mo. 25. The court held, at the trial, that the assignee would not be allowed to show that the claimant, admitted to be merely an indorser, had actually paid but a small part of the claims. *Bank v. Gilpin*, 1 Del. Ch. 409 ; *Ex parte Wildman*, 1 Atk. 110 ; s. c., 2 Ves. Sr. 113 ; *Ex parte Marshall*, 1 Atk. 129 ; *Howis v. Wiggins*, 4 T. R. 714. The legal presumption always is, that a trustee has faithfully executed his trust, unless the proof fully and satisfactorily

establishes the contrary. *Macubbin v Cromwell*, 7 Gill & Johns. 157 ; *Goodwin v. Mix*, 38 Ill. 115. An assignee is bound by the provisions of the deed, and would be liable, personally, for any payments to creditors or others not authorized by the deed. *Ogden v. Peters*, 21 N. Y. 23–24 ; *Harrison v. Mock*, 10 Ala. 185–192 ; *Field v. Flanden*, 40 Ill. 470–473.

*Frank Hicks*, for the respondent.

The statute makes it the duty of the assignee to declare and pay dividends on allowed claims ; there is no provision authorizing the court to declare a dividend. Section 387 provides a penalty for non-performance of such duty. *January v. Powell*, 29 Mo. 241. The penalty imposed by section 387 is a per cent., not upon the sum demanded, but "on such sum as such person was entitled to at the time of demand." It follows that the proper sum is eventually a matter for judicial determination—and the demand need not be for a fixed sum.

THOMPSON, J., delivered the opinion of the court.

This is a proceeding by motion, under section 387 of the Revised Statutes, to recover the penalties therein provided for, against the assignee of an insolvent estate and one of the sureties on his official bond, for not paying a dividend which the plaintiff in the motion, D. H. Armstrong, had demanded of him. Judgment was rendered in favor of the movant, and the assignee and his sureties appeal to this court. There were really two motions, but, by stipulation of counsel, the second motion was submitted on the evidence heard in support of the first motion.

The first motion is as follows :

"Now comes David H. Armstrong and shows to the court that John G. Priest qualified as assignee of the

In re Estate of Murdock & Dickson.

above-named estate in the year 1873 and gave a bond as such assignee with John Knapp with others as surety thereon. That thereafter, in the year 1874, said Priest as assignee heard and allowed claims against said estate, and among other claims allowed claims in favor Third National Bank for $5165.00 ; National Bank of state of Missouri $10,696.66 ; National Bank of state of Missouri 3073.50. That such claims were based on notes on which said Armstrong was endorser for the accommodation of said Murdock and Dickson, and said Armstrong, having paid the same, became the holder of said notes and thereby and by subrogation became the owner of said allowed claims and entitled to receive dividends thereon.

"That there came to the hands of said Priest, as such assignee among other assets of said estate, various sums of money ; that by the accounts filed by said Priest in said matter in this court it appears that after payment of fees to himself, his attorneys, commissions, taxes, court costs, and all other expenses of said assignment, there has been ever since the year 1876 a large balance in cash in the hands of said assignee ; that said accounts show a balance in his hands in cash December 5, 1885, of $3,522, and that since that date he has had that amount and by the last account filed by him he had in his hands the sum of $3,890.60.

"That at all times since the year 1876 it has been practicable after reserving enough for proper fees, costs, expenses, and demands to declare and pay a dividend upon the allowed demands against said estate, and that at divers times said Armstrong has requested payment of such dividend. That on the tenth day of July, 1886, said Armstrong, as the owner of said claims, made a demand in writing upon said Priest as assignee, for payment to him of three per centum of the amount of said allowed claims, to-wit, for the sum of $568.05, which sum said assignee then neglected and refused, and ever since has neglected and refused, to pay. That said

assignee, at the last-named date, had, and ever since has had, funds of said estate in his hands after reserving enough for proper fees, costs, expenses, and demands, sufficient to pay a dividend of three per centum upon the allowed demands against said estate. That at no time during the fifteen years said Priest has had said estate in his hands has he ever declared, or paid, any dividends whatsoever upon the allowed demands against said estate, although having funds in hand as aforesaid.

"Wherefore said Armstrong moves for judgment against said assignee Priest and his surety John Knapp, for five per centum per month interest on said sum of $568.05, from the date of said demand, to-wit: The tenth day of July, 1886, to the date of the hearing of this motion."

Upon the hearing of the motion it appeared that the movant was holder of four certain allowed claims against the assigned estate, amounting in the aggregate to $26,274.50 ; that these claims consisted of notes on which he was an accommodation endorser, which notes he had paid in full, principal and interest, to their respective holders. It also appeared that, on the tenth of July, 1886, he, through his attorney, addressed a letter to the assignee, demanding a dividend of three per centum on these claims, specifying them. Thereafter, on the first day of September, 1886, the assignee, in compliance with an order on him, made a report to the court, setting forth the condition of the assigned estate ; informing the court of this demand, charging that this movant had not paid these notes in full but had bought them of their several holders for a small per centum of their face value, and praying that he be required to show by what title he had acquired the notes and what amounts he had paid for them, or for release of his liability as endorser thereon. The bill of exceptions recites that the record was introduced, "showing that on motion of D. H. Armstrong the same was stricken out," but no such record entry is copied into

the transcript, and the clerk has supplied its place with a memorandum that "no such order or motion can be found." We must therefore take it that no disposition of any kind was ever made of this report of the assignee. It also appeared that this movant had, on many occasions, requested the assignee to make some dividend on allowed claims against the assigned estate, but that no dividend had ever been made.

It appeared from the evidence that Mr. Priest qualified as assignee of the assigned estate of Murdock and Dickson on the fourth day of December, 1873 ; that, in April, 1874, he heard and allowed claims against the assigned estate, amounting in the aggregate to $123,037.07 ; that he had filed no account of the trust, as required by section 3696, of the Revised Statutes, until November 23, 1880, about seven years after qualifying as assignee. It appeared from this statement that during this period he had collected $37,532.76 and disbursed $34,076, which left a balance of $3,456.76 on hand. The receipts were from rents and sales of property belonging to the estate ; the disbursements were ground rent, interest on real-estate loans, repairs to real estate, taxes, insurance, court costs, fees for abstracts of titles, commissions for collecting rents, assignee's fees, attorneys' fees, etc. During this period, the amount of attorneys' fees which had been paid was $1,209, and the assignee had taken credit for $3,600 as his own fees. Statements were not filed at each regular term of the circuit court after this first statement, as required by section 369 of the Revised Statutes ; but the second statement was not filed until May 25, 1885. It showed a balance on hand on April 1, 1885, of $3,560.70. The third statement was filed on July 23, 1886, showing a balance on hand of $3,522.15. The fourth statement filed on March 30, 1887, showed a balance on hand of $3,388.19. The fifth statement filed October 17, 1887, showed a balance on hand on October 3, 1887, of $3,891. The sixth statement filed on March 27, 1888, showed a

balance on hand of $3,890.60.    This motion was filed on the sixteenth day of August, 1838.    In the absence of any showing to the contrary by the assignee, the circuit court was therefore justified in finding that at the time of the filing of the motion, the assignee had this sum on hand, available for the payment of dividends and the remaining costs and charges of the assignment.

The only evidence as to what these costs and charges were consisted of some evidence as to the reasonable value of certain attorneys' fees which yet remained unpaid.    This evidence consisted only of the testimony of the attorneys to whom the compensation for services was due.    One of them, who had been attorney for the assignee throughout the period of the trust, testified in substance that he had rendered services of the reasonable value of twenty-five hundred dollars, and that he had been paid about eleven hundred dollars.    But the evidence as to the nature of these services was of the vaguest character owing, no doubt, to the lapse of time which had taken place since their rendition.    Indeed, the counsel was not able, without further search, to identify and describe the cases in which they had been rendered.    The other attorney showed, by perhaps more definite proof, that he had rendered services to the assigned estate of the value of one hundred dollars which had not been paid. No other evidence was adduced tending to show that there were any other expenses except the assignee's commissions, for which it was necessary to reserve any portion of the fund.

On this evidence the court rendered judgment in favor of the movant, and against the assignee and the sureties on his bond in the sum of $687.49.

The errors assigned on this appeal are, that the judgment is for the wrong party, against the evidence, and against the law.    No exceptions are saved to the introduction and exclusion of evidence.

In re Estate of Murdock & Dickson.

The statute, under which this motion is prosecuted, is as follows :

"As soon as practicable, and not exceeding one month after the time for an allowance of demands had under this chapter, the assignee or assignees shall pay upon the demands allowed, according to their right, as much as the means on hand will permit, after reserving enough for proper fees, costs, expenses, and demands, whose trial is legally continued or removed, and as often thereafter as a dividend of five per centum can be paid upon the demands allowed as aforesaid, the assignee or assignees shall give notice thereof by publication, for one week in the same newspaper in which was published the notice for allowance of demands, or in such other newspaper as the court or judge thereof, in vacation, may direct ; and if such assignee or assignees shall neglect or refuse to make payment out of such trust fund, as in this section required, for more than three days after the same have become due and have been demanded by the person entitled thereto, his agent or attorney, or if he or they shall in any wise neglect or refuse to comply with the provisions of this section, he or they shall, for every such neglect or refusal, forfeit and pay to the person aggrieved, five per centum per month interest on such sum as such person was entitled to at the time of such demand, to be recovered by motion in the court having jurisdiction of said assignment ; and any judgment rendered by said court, on the hearing of such motion, shall be against said assignee or assignees and his or their securities on their trust, provided for in this chapter ; and such assignee or assignees shall, in addition to such forfeiture, be subject to be dismissed from his or their trust by said court, for such neglect and refusal, and on motion and citation for that purpose. " R. S., sec. 387.

I. The first substantial argument put forward in behalf of the assignee, is that a motion for this penalty

In re Estate of Murdock & Dickson.

can not be enforced except in cases where the assignee or the court has *declared a dividend*; and that the statute does not require the assignee to declare a dividend until he has enough on hand to enable him to pay a dividend of five per cent. We do not think that either of these positions is tenable. The statute requires the assignee at the outset to "pay, upon demands allowed, according to their right, as much as the means on hand will permit, after reserving enough for proper fees, costs, expenses, and demands, whose trial is legally continued or removed," etc. This refers to the first dividend. Then the statute requires him thereafter to declare and publish dividends as often as five per cent. can be paid. The statute is mandatory. Under it the assignee is bound to pay a dividend as soon as the condition of the estate will permit, if it be no more than one per cent., or even less. Nor can the assignee protect himself from liability to the penalties prescribed by the statute, on the ground that he had never declared a dividend. For this would be simply to allege one wrong as an excuse for another. The statute makes it his duty to declare it; and in this case, he failed to do so, after repeated solicitations. Nor does it lie in his mouth to say that the movant could have gone before the court and there procured the declaration of a dividend; for he can not be heard to allege, as an excuse for not doing what the statute requires of him, that the party aggrieved might have had an order of court compelling him to do it.

II. The next argument, as we understand it, is that the movant is not entitled to maintain this motion for a penalty, because, when he demanded a dividend of three per cent. in 1886, as above stated, the assignee had not enough assets on hand to pay as much as three per cent. It is true that, according to his last report previous to that time, the assignee had not quite enough on hand to make payment of a dividend of three per cent.; but we do not understand on what principle this

excuses him from so far complying with the statute, as to pay *what he could*, regard being had to the condition of the estate.   A plaintiff is not to be thrown out of court simply because he demands too much in his petition or declaration ; nor can an assignee excuse any compliance whatever with the demand of a creditor for a dividend, merely because he demands that too large a dividend shall be made.   It is to be observed that the statute does not restrict the liability of the assignee and his sureties to this penalty merely because of his refusal or neglect to *declare* and pay a dividend, but it gives it "in case the assignee shall in any wise neglect or refuse to comply with the provisions of this section." Nor is the penalty, which the statute gives, five per centum per month on any dividend which has been declared and not paid, but it is five per centum per month on such sum as such person was entitled to at the time of such demand.

III.   It is argued that the assignee is not required to pay a dividend, as provided for by section 387, *within one month* after allowance of claim, unless there was a surplus out of which to pay the same "after reserving enough for proper fees, costs, expenses, and demands."   It is also argued on behalf of the assignee that there is no proof in the case that, within the time prescribed by the statute for the payment of the first dividend, that is, within one month after the allowance of demands, any assets which had come to the assignee, by virtue of the assignment, had been, or could have been, converted into cash, so that a dividend could have been declared.   Nor, it is argued, is there any proof whatever that, *at such time*, there were any means on hand out of which to declare a dividend, "after reserving enough for proper fees, costs, expenses, and demands," so that there is no proof that the assignee had ever been in default.   But we think that this clause of the statute is a limitation on the right of the creditor to

In re Estate of Murdock & Dickson.

·demand a dividend, and not a limitation on the power or duty of the assignee to declare and pay one. It means that until the expiration of the thirty days, the creditor can not demand a dividend, but it does not mean that the assignee has no power to pay as large a first dividend as he can, although not equal to five per cent., and as soon as he can after the expiration of the thirty days.

IV. It was intimated in *Eppright v. Kauffman*, 90 Mo. 25, 29, that an assignee may protect himself from the penalty imposed by this statute by asking the circuit court for directions ; and it is argued that, in the paper filed by the assignee on the first of September, 1886, as already stated, he has asked for such directions, and thus brought himself within the protection of this rule. But the paper, instead of being a request for directions, is in the nature of a defensive pleading, setting forth reasons why the assignee should not comply with the demand of this moving creditor and pay a dividend. Nor does it appear that the assignee ever brought it to the attention of the court, or that he ever did more than file it in the clerk's office. We therefore think that this does not bring him within protection of the rule.

V. We also think that, in a proceeding of this kind, the moving creditor discharges the initial burden of proof which rests upon him, by showing that the assignee has enough money on hand to enable him to declare a first dividend, and that the creditor has, more than three days before the filing of the motion, made a demand upon him to do so ; after which the burden rests upon the assignee to show that the condition of the estate is such as not to justify the payment of the dividend.

The judgment will be affirmed. All the judges concur.