[No. 1860. Decided January 14, 1896.]

FRED H. ANDERSON, *Assignee, Appellant,* v. RISDON-CAHN COMPANY *et al., Respondents.*

APPEALABLE ORDER—INSOLVENCY—ELECTION OF REMEDIES BY CREDITOR
—ASSETS OF INSOLVENT ESTATE—JUDGMENT AGAINST CREDITOR.

An order requiring an assignee in insolvency to report the condition of the estate and distribute its assets, and to treat, for the purpose of such distribution, a judgment recovered by him against a

creditor of the insolvent, as a cash asset in his hands, and to allow such creditor's share of the estate as a payment thereon, is an appealable order under the appeal laws of this state as it is a final order affecting a substantial right.

A creditor of an insolvent does not lose his right to a distributive share in the assets in the hands of an assignee, by attaching a portion of the property which passed to the assignee, under a *bona fide* belief that it was property of a firm of which the insolvent was a member, where such belief had sufficient foundation to induce the lower court to decide in accordance therewith, although its judgment was reversed.

An assignee of an insolvent estate cannot, for the purpose of distribution, be required to treat as cash assets an uncollected judgment against a creditor of the insolvent, or against any other person. (GORDON and SCOTT, JJ., dissent).

Appeal from Superior Court, Whatcom County— Hon. JOHN R. WINN, Judge. Reversed.

*Bruce, Brown & Cleveland,* for appellant.

*Fairchild & Rawson,* for respondents.

The opinion of the court was delivered by

HOYT, C. J.—In the fall of 1890, J. P. Hayden made a voluntary assignment for the benefit of his creditors. Among them was the respondent, Risdon-Cahn Company, which at the time had an action pending in the superior court against said Hayden and wife, who had been sued as co-partners. Appellant duly qualified as assignee of the estate of said J. P. Hayden, and thereafter the said respondent filed with him a claim for the same debt sought to be recovered in the suit against the partnership. Thereafter the suit against said Hayden and wife was tried and judgment had for the plaintiff. The wife appealed from the judgment and it was reversed and the action dismissed as to her. After such judgment was rendered and before the appeal of the wife had been perfected, a writ of attach-

ment was issued and property in the hands of the assignee seized as the property of the copartnership. The assignee then informed the court of the action taken and asked an order directed to said respondent and the sheriff, commanding them to return the property. An order was made, vacating the attachment and directing the property to be turned over to the appellant. The respondent took an appeal, pending which it caused an execution to be issued upon the judgment against the partnership, and thereunder the attached property was sold and the proceeds paid to the respondent. Thereafter the appellant brought suit against said respondent and obtained judgment for $2,000, which is in full force and unpaid. Webb & Co., the other respondent, succeeded to the assets of Risdon-Cahn Co., and thus became the real party in interest.

Without paying the judgment for $2,000, the respondents filed an affidavit setting out the facts above stated and asked that the appellant be required to make a report as to the condition of the insolvent estate, and to distribute its assets, for the purposes of which he was to treat such judgment as a cash asset in his hands and allow respondents' share of the estate as a payment thereon. In such affidavit it was stated that, upon this being done, they were ready and willing to pay to the assignee the balance remaining unpaid upon said judgment. The court made an order substantially as prayed for, and restrained the appellant from proceeding in the collection of the judgment until it had been complied with.

It is contended by the respondents that from such order an appeal will not lie; but in our opinion, it so determined the rights of the parties that it was a final order affecting a substantial right within the meaning

of our statute as to appeals. It purported to absolutely determine the right of the respondents to share in the proceeds of the insolvent estate, and prevented the appellant from collecting the judgment against the respondents.

It is urged by the appellant that the court committed error in making the order for two reasons, (1) that under the facts disclosed by the record the respondents were not entitled to share in the proceeds of the estate; and (2) that if they were, the appellant could only have been rightfully required to apportion such proceeds among the creditors after they had been reduced to possession; that it was not proper for the court to direct him to consider the judgment against the respondents as an asset of the insolvent estate for the purposes of distribution, until the money due thereon had been collected.

· The ground of the first contention is that the respondents had claimed and attempted to assert rights so adverse to those of the appellant that they must be presumed to have elected to waive any claim against the insolvent estate. If a creditor attempts to assert rights clearly adverse to those of the assignee of an insolvent estate he will be held to have waived any right to a distributive share thereof. Such has been the uniform holding of the courts, and it is not contended by the respondents but that such would be the effect of such action. But it is claimed by them that during the entire litigation the rights which the respondent, Risdon-Cahn Company, was asserting were not supposed to be adverse to those of the assignee. Such litigation proceeded upon the theory that the claim was against a co-partnership composed of J. P. Hayden and wife, and that the property belonged to such co-partnership, and did not pass to the assignee of J.

P. Hayden. By adjudications subsequent to the time of the assertion of such rights against the property, it was determined that it was not that of a co-partnership, but was that of the individual partner who had made the assignment. But it nowhere appears from the record that after this fact had been finally adjudicated any rights adverse to the assignee had been asserted by the respondents. Nor was it made to appear that their attempt to assert a claim against the property as that of the co-partnership had been in bad faith. On the contrary it appeared that there was sufficient foundation for such claim to induce the superior court to decide in accordance therewith, and it was only upon an appeal to this court that the contrary was determined. For these reasons it must be assumed that, at the time the attempt was made by the respondent, Risdon-Cahn Company, to assert rights under its judgment, it believed that they were not adverse to those of the appellant.

This being so, the rule as to election does not apply. The general rule is that an election to be binding must be made with a full knowledge of the facts, and there is no good reason why such general rule should not apply in the case at bar. On the contrary, there seems to be special reasons why it should. A mistake of law will not usually relieve a party from the results of an election. But even such a mistake has been held sufficient to relieve from the effect of the assertion of rights adverse to an assignee of an insolvent estate. In the case of *Eppright v. Kauffman*, 90 Mo. 25 (1 S. W. 736), a creditor attempted to enforce his claim against property which belonged to the assignnee of an insolvent estate, and it was claimed that by such action he had forfeited his right to a share of said estate. But, it having been made to appear that by rea-

son of a mistake of law, he believed that the property would not pass to the assignee, it was held that he had not forfeited his right to share in the estate. If a mistake of law would relieve from the consequences of acts, much more would a mistake of fact. Under the circumstances the respondents did not act so adversely to the rights of the appellant that they were debarred from sharing in the proceeds of the insolvent estate.

The other question presented must be decided in favor of the appellant. An assignee of an insolvent estate could not be required to treat as cash assets for the purposes of distribution an uncollected claim against one of the creditors, or any other person. That the judgment in the case at bar was not in itself equivalent to cash was admitted by the action of the respondents in tendering a bond to the effect that they would pay any balance after their share of the insolvent estate had been deducted from the judgment. But the bond was no more equivalent to the cash than was the judgment. In fact, so far as the actual reduction to possession was concerned, it was one step further removed. No money could be realized thereon without an independent action commenced and prosecuted to judgment. The prosecution of such an action would require the expenditure of time and money by the assignee, and if distribution had been made upon the assumption that the judgment was cash, the assignee, or some one of the other creditors, would have to stand this expense. The assignee was entitled to enforce the judgment against the respondents without regard to any claim which they might have as creditors of the estate.

The order will be reversed and the cause remanded with instructions to deny the application.

DUNBAR and ANDERS, JJ., concur.

GORDON, J. (*dissenting*).—I fully concur with what is said in the foregoing opinion upon the first proposition therein discussed, but I respectfully dissent from the views expressed concerning the remaining proposition, and from the conclusion reached. The record discloses that the case was heard in the court below upon a stipulation of the parties as to the facts; it further appears that the claim of the respondent against the insolvent estate amounted to $2,400.00, or $400.00 in excess of the judgment recovered by the assignee against respondent corporation. It further appears that the only claim due to the estate remaining uncollected at the time of respondent's application to the lower court was the judgment for $2,000.00 in favor of the assignee and against respondents, hence there will be no difficulty in determing the distributive share due the respondent after the appellant shall have filed his report as assignee.

The relief sought by the respondent was:

"An order of court direct to Fred H. Anderson (assignee) directing and commading him forthwith to file with the clerk of this court an accounting, and after such accounting be had, showing his moneys collected and expended by the said Fred H. Anderson, an order of apportionment be made to the creditors of said insolvent estate, and that *upon paying the balance found due to said assignee after crediting the amount due from said insolvent estate to Risdon-Cahn Co., the said action of said Fred H. Anderson, as assignee against Risdon & Cahn Co. be abated and dismissed".

The judgment of the court was:

"That Webb & Co., a corporation is successor to Risdon & Cahn Co.;  .  .  .  that the said Webb & Co. as successors  .  .  .  have filed with the said Anderson as assigne of the said J. P. Hayden a claim exceeding $2.400.00 *upon which claim they are entitled to their distributive share from the insolvent estate of J. P.*

*Hayden & Co.*; and it further appearing that the said Webb & Co. is ready and willing to pay any balance that may be due from it to the said Fred H. Anderson as assignee of the said insolvent estate, *after the said distributive share is deducted from the judgment heretofore rendered in favor of the said Fred H. Anderson as assignee of such insolvent estate,* and against the said Risdon-Cahn Co.; and that the said Webb & Co. has brought into court a bond in the sum of three thousand dollars ($3,000.00), conditioned to pay the said judgment so obtained against the said Risdon-Cahn Co., or such sum, if any, as the court may find to be due from it, *after allowing the amount due to the said Webb & Co. from the said insolvent estate, and further conditioned to obey all orders of the court made in the premises.*

" It is now by the court ordered and adjudged that upon the filing of said bond and the approval thereof by the clerk of the court, the said judgment of Fred H. Anderson, assignee, against the said Risdon-Cahn Co. be stayed until the said Fred H. Anderson, assignee, shall have filed his report, and an order of distribution is made, *at which time any sum that may be due from the said insolvent estate shall be credited upon said judgment.*"

So much of the order as pertained to the bond, was in the interest and to the advantage of the appellant and, in my view of the law and of the record, it might properly have been dispensed with, as I conceive that the respondent was entitled to have the judgment against it canceled upon payment of the amount remaining due upon said judgment after it received credit for its distributive share in the estate of said Hayden & Co. The vital part of the order or judgment appealed from is contained in the words following, viz.:

" That the said judgment . . . against the said Risdon-Cahn Co. be stayed until the said Fred H. Anderson, assignee, shall have filed his report, and an

order of distribution is made, *at which time any sum that may be due from the said insolvent estate shall be credited upon said judgment.*"

It seems to me that this was no more than the respondent was entitled to. It was seeking only to be credited upon the judgment held by the assignee against it with the amount it was entitled to receive as its share in the estate, and, as already suggested, the condition of the estate was such as to render it neither difficult nor impossible to determine what that distributive share should be.

No substantial right of the appellant or of any creditor was affected injuriously by the order appealed from, and, in my opinion, it should be affirmed.

SCOTT, J., concurs in dissenting opinion.