EPPRIGHT v. KAUFFMAN, *Administrator, Appellant.*

1. **Assignment**: ACTION OF ASSIGNEE, WHEN FINAL: JUDGMENT. When an assignee passes upon a claim and allows it, the question involved therein becomes *res judicata* and his action is final, having all the force, effect and conclusive attributes of a judgment.

2. ——: ALLOWANCE OF CLAIM BY ASSIGNEE: JUDGMENT AGAINST ASSIGNOR: CREDITOR ENTITLED TO DIVIDEND. After the claim of a creditor has been allowed by the assignee and has passed *in rem judicatum*, his rights therein or thereto cannot be affected or overthrown in consequence of his subsequently recovering judgment against the assignor for the amount of his allowed claim, and then attempting by legal procedure to have that judgment satisfied out of what, at the time, were not considered as passing as assets into the hands of the assignee, by reason of the assignment.

3. **Assignee, Protection of.** An assignee may escape the penalty imposed by Revised Statutes, section 387, by asking the court for directions; by conforming to such directions he will be fully protected.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*A. Comingo* for appellant.

*John J. Cockrell* and *S. P. Sparks* for respondent.

SHERWOOD, J.—Defendant is the administrator of

the estate of Joseph Brown, deceased, formerly assignee of the Warrensburg Savings Bank. In March, 1880, plaintiff, a creditor of said bank, presented his claim to the assignee and it was by him duly allowed. In June, 1880, after his claim had been allowed, plaintiff recovered a judgment in said circuit court against said bank, and afterwards attempted by motions for executions to subject unpaid stock subscriptions to the satisfaction of his judgment. In March, 1881, defendant, as such assignee, duly declared a dividend of twenty-five per cent. on all claims, and duly gave notice thereof. Some time afterwards plaintiff demanded his dividend, which defendant refused to pay. Upon this refusal plaintiff, having previously given notice, filed his motion for a five per cent. per month penalty under section 387, Revised Statutes, 1879. The court below sustained this motion. The defendant appealed, and having died, the suit is revived against his administrator.

The only question in the record is whether the plaintiff was entitled to a dividend. Section 376, Revised Statutes, 1879, provides and declares that "the decision of the assignee in relation to all claims presented to him for allowance shall be final, unless a creditor or some other person interested shall, after a decision is made on any such claim, ask an appeal therefrom ; and all appeals so asked shall be allowed by the assignee to the circuit court," etc. Section 377 makes provision in general that such appeals shall be taken, certified and proceeded with in the same manner as appeals from judgments of justices of the peace. Section 378 provides that when the cause goes to the circuit court that such court "shall become possessed of the case and shall proceed to hear and determine the same in the same manner as if such case were in said court by appeal from the judgment of a justice of the peace," etc. And section 379 provides that "all judgments rendered in favor of any claimant in the circuit court by virtue of the pro-

visions of this chapter, shall be certified by the clerk to the assignee, who shall allow the same, and class it as if such judgment had been rendered by him on the original hearing thereof."

These statutory provisions are too plain to require extended comment. When the assignee passes on a claim and allows it, the question involved therein becomes *res judicata* and the decision of the assignee becomes final ; in a word, a judgment, having all the force, effect and conclusive attributes of any other judgment. If the statute is not meaningless, then its provisions bring the allowed claim of the plaintiff fully within the definition of a judgment given by Mr. Freeman. He says : " A judgment * * * is defined as being, 'the decision or sentence of the law pronounced by a court or other competent tribunal upon the matter contained in the record.' " Freeman on Judg., sec. 2. "Every definite sentence or decision by which the merits of a cause are determined, although it be not technically a judgment, or although the proceedings are not capable of being technically enrolled so as to constitute what is technically called a record, is a judgment within the meaning of the law." *Ib.*, sec. 16. "A large number of persons and tribunals not ordinarily spoken of as 'judges, ' nor as 'courts, ' are nevertheless authorized to investigate and determine certain questions. Their authority in this respect is judicial ; and their determinations are conclusive unless set aside by some competent authority." *Ib.*, sec. 531.

The adjudication of the assignee was on the question whether the plaintiff was entitled to participate in the benefits of the assignment, and that adjudication was in affirmation of plaintiff's right. This adjudication was a judgment *in rem*, definitely fixing the status of plaintiff toward the property assigned. *Ib.*, 606. This being the case, the right of the plaintiff to prevail on his motion made against the assignee under the provisions of

section 387, is incontestable, unless upon the ground to be now stated. It is urged for the defendant that plaintiff should not be permitted to recover, for that after his claim was allowed by the assignee the plaintiff brought suit and recovered judgment for the amount of his claim in the circuit court against the bank, and then attempted, by legal proceedings, to appropriate in satisfaction of said judgment, a part of the assets of the bank, to-wit: certain unpaid subscriptions to the capital stock of the bank, which had been assigned to the assignee in trust for the benefit of all the creditors.

I find cases where it has been ruled that a party attacking an assignment for fraud and endeavoring thus to destroy its validity, cannot afterwards come in with other creditors, present his claim, then being litigated, for allowance ; have it allowed, and then share equally with other creditors who have assumed no such hostile attitude. This was the case of *Valentine v. Decker*, 43 Mo. 583. In *Jefferis's Appeal*, 33 Pa. St. 40, the contest was between creditors under the first assignment, who claimed a preference over the creditors under the second, and this preference was denied them, the court holding that in order to enforce their interest under the first assignment, their remedy lay against the first assignees, by calling them to account under the law of assignments, but this ruling admitted that their claims were properly allowed under the second assignment, but that presenting their claims for allowance under the second assignment, their rights were measured by its provisions, and not by those of the first assignment. In short, that the assignees, under the second assignment, were under no obligation to perform the duties of the assignees under the first assignment, or to comply with the terms or conditions of that instrument. The case of *Fellows v. Greenleaf*, 43 N. H. 421, seems to decide that a creditor who does not assent to an assignment, and

sues in the ordinary way, will only be entitled to the surplus remaining in the hands of the assignee after all the assenting creditors have been fully paid. But I have found no case going to the length of saying that where, as here, the claim of the creditor has passed *in rem judicatum*, that his rights therein or thereto can be affected or overthrown in consequence of his subsequently recovering judgment for the amount of his allowed claim, and then attempting by legal procedure to have that judgment satisfied out of what, at the time, were not considered as passing as assets into the hands of the assignee by reason of the assignment.

Under the ruling in *Hannah v. Moberly Bank*, 67 Mo. 678, that unpaid stock subscriptions were not evidences of debt, a ruling now happily overruled by *Eppright v. Nickerson*, 78 Mo. 482, it was very naturally supposed by the plaintiff that he was only conforming to the dictates of the most ordinary prudence, when he endeavored to collect what, at that time, was thought to be uncollectible by the assignee. This act of the plaintiff should not be laid to his charge as one of hostility towards the assignment, but rather the contrary. There is a wide difference, I take it, between a direct attack upon an assignment, as for fraud, etc., and a case where a claim is presented and allowed before the assignee, and the claimant afterwards endeavors by legal measures to reach such assets as seemed to be beyond the reach of the assignee. There is certainly a distinction to be taken between direct attack and mere inadvertence. But whatever view may be taken on this branch of the case, the subsequent action of the plaintiff cannot be held to destroy the effect of his judgment regularly obtained and rendered by and before the assignee. That remains sure and steadfast. And the assignee need not have incurred the penalty imposed on him by section 387, and by the judgment of the court; for it was in his power to have asked the circuit court for directions, and

having conformed to them he would have been fully protected. Burrill on Assig., secs. 427, 460, and cases cited.

Perhaps the assignee had a still larger scope of remedy; for it seems that where a party has accepted an assignment he cannot then proceed as if he had not done so, and in such case the assignee has a remedy by injunction to restrain him from further action. *Gresham v. Crossland*, 59 Ga. 270; 2 High on Inj., sec. 1411.

For these reasons the judgment is affirmed. All concur except Black, J., who dissents.