THE LA CROSSE LUMBER COMPANY, Appellant, v. THE AUDRAIN COUNTY AGRICULTURAL AND MECHANICAL SOCIETY *et al.*, Respondents.

St. Louis Court of Appeals, May 22, 1894; motion for rehearing overruled October 9, 1894.

1. **Former Recovery:** RUNNING ACCOUNT. When sales of merchandise are made by one person to another at different dates but upon a running account and not upon separate and independent transactions, but one action can be maintained thereon after the entire purchase money has become payable.

2. ———: ———: MECHANICS' LIENS. This rule is operative, though the seller is entitled to a mechanic's lien for some of the merchandise. Accordingly, if he sues for the entire purchase money after it has accrued, and, after dismissing his action as to a part of his demand, takes judgment for the remainder, he is debarred from claiming a mechanic's lien for the items not included in the judgment.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*W. W. Fry* for appellant.

(1) Where the former suit is not a part of an entire and indivisible demand, or where the demands arise out of separate and distinct causes of action, the judgment in the former suit is not a bar to a second suit on a cause of action not actually adjudicated in the former suit. *Brown v. King*, 10 Mo. 56; *State v. Morton*, 18 Mo. 53. When the demand results from several and distinct transactions the demand is divisible, and the items of each several transaction form the subject of a distinct action. *Flaherty v. Taylor*, 35 Mo. 447. (2) The lien and judgment are of equal dignity, and the lien is not discharged by a judg-

ment. 19 Central Law J., p. 264; *McMurry v. Taylor*, 30 Mo. 263; *Ashdown v. Wood*, 31 Mo. 465. Again an action to enforce plaintiff's lien is a proceeding *in rem*. *Shryock v. Buckman*, 27 Cent. Law J., p. 481; *Holden v. Winslow*, 19 Pa. St. 449. It treats property as the defendant. The property is the thing indebted. It is proceeded against as defendant, and judgment is rendered against it. Waples on Proceedings in Rem., p. 1; also sec. 391. Then in this action the property is the real defendant, and the owner and mortgagees are made parties defendants by virtue of the statute but not as debtors. The former action against the society on account is no bar to this. They are not between the same parties, not the same issues, nor the same subject-matter. The identical question was not adjudicated. *Hoyt v. Greene*, 33 Mo. App. 205.

*Geo. Robertson* for respondent.

(1) Plaintiff's demand is an account current or a running account, and is therefore one account and constitutes one demand. 1 Am. and Eng. Encyclopedia of Law, p. 109; *Ring v. Jamison*, 2 Mo. App. 584; *Stine v. Austin*, 9 Mo. 558; *Carson v. Steamboat Hillman*, 16 Mo. 256; *Madison Coal Co. v. Steamboat Calona*, 36 Mo. 446; *Boglan v. Steamboat Victory*, 40 Mo. 242; *Ittner v. St. Louis, etc., Ass'n*, 97 Mo. 56; *State ex rel. v. Smith*, 89 Mo. 408. (2) The judgment entered for a part of the demand January 24, 1893, is such a recovery that it constitutes a bar to any other suit for the same cause of action. *Union Railroad Trans. Co. v. Trabue*, 59 Mo. 355; *Pfeiffer v. Suss*, 73 Mo. 245; *Lain v. Francis*, 15 Mo. App. 107; *Steiglider v. Railroad*, 38 Mo. App. 511; *Bendernagle v. Cocks*, 19 Wend. 207; *Buck v. Wilson*, 6 Atl. Rep. 92.

ROMBAUER, P. J.—The plaintiff is a lumber dealer, and the defendant a corporation owning grounds used for agricultural and mechanical fairs. Between July 12, 1892, and August 3, 1892, the defendant bought of the plaintiff, on current account, lumber to the aggregate value of $1,276.32, which the defendant used in erecting certain buildings and inclosures on its fair grounds. On October 24, 1892, the plaintiff instituted an attachment suit against the defendant for the recovery of this balance, and it stands conceded that such suit included all the items included in the present suit and more, being a suit for all the items of lumber furnished between the dates aforesaid. It stands also conceded that the entire debt of $1,276.32, was then due the plaintiff from the defendant upon a running account. Upon the writ of attachment in that suit a debt of $524.44 due the defendant was seized. The plaintiff thereupon amended its petition so as to include only such number of items as would be covered in amount by the money seized, and obtained judgment on its amended petition for $508 and costs. Subsequently the plaintiff filed six distinct mechanic's lien accounts against various buildings and structures on the defendants' grounds for items included in its petition, filed October 24, 1892, but not included in its amended petition on which it had recovered the judgment for $508; and within due time thereafter the plaintiff brought the present action to enforce such mechanics' liens, and for judgment against the defendant. The defendant by its answer set up the former recovery in bar of the present action, and, upon the facts appearing as above stated, the court sustained the plea and rendered judgment in favor of the defendant. Whether this judgment was a correct conclusion of law upon the facts, is the only question before us.

In approaching this question in a logical manner, we must first consider whether the plea of former recovery is sustained by the evidence, irrespective of any question of lien, and next, whether, conceding that the plaintiff was entitled to separate liens on different parts of the defendants' premises for different portions of its account, such fact necessarily affects the plea of former recovery.

The first question admits of no serious doubt. That the entire bill was sold to the defendants, not upon separate and independent contracts, but upon a running account, all the evidence concedes. The plaintiff's first petition in the attachment suit states "that at the request of the defendant it did, between the twelfth day of July, 1892, and the third day of August of said year, sell and deliver to the defendant, at Mexico, Missouri, lumber and materials to the amount of $1,276.32, an itemized account of which is herewith filed." That such account was due at the time that suit was instituted; that every item in that account was properly joined with every other item, and that the items not sued for were included in that account, is not even controverted. It was held in *Union Railroad Company v. Trabue*, 59 Mo. 355, which is a leading case on this subject, that, where there are several claims arising out of the same transaction, and an action is brought when more than one is due, a recovery in that suit will be a bar to the second action brought to recover the other claims that were due when the first action was brought. The question in such cases is not whether the entire claim upon its final hearing was adjudged upon its merits, but whether it was the duty of the plaintiff to join in one action his entire demand which was then due and could properly be joined, and whether, having failed to do so, he is not debarred from bringing another action on the omitted portions

of his entire claim. In *Moran v. Plankington*, 64 Mo. 337, the supreme court, in carrying this rule to its logical results, held that, where the plaintiff knows that the defendant had converted thirteen of his hogs, although he can not find more than six, and brings an action of replevin for the six, he is debarred from bringing an action of trover for the remainder. See, also, *Funk v. Funk*, 35 Mo. App. 246, 251; *Green v. Von der Ahe*, 36 Mo. App. 394, 398; *Koenig v. Morrison*, 44 Mo. App. 411, 414; *West v. Moser*, 49 Mo. App. 201, 210, in which this question in its various phases is examined. If any other rule were established, parties might be harassed on a running account by an indefinite number of actions, one for each item, because each item in a certain sense forms an independent contract of purchase. If a judgment upon the merits were essential to debar the plaintiff of recovery in a second action, the plaintiff might, as it did in this instance, bring an action upon a claim comprising a number of items, and, after dismissing on the trial as to some, bring a new action upon the items dismissed, and thus prolong the litigation indefinitely. The only exception, which we know to the rule, is where a claim is payable in installments; and even in that case it is the duty of the plaintiff to join all installments which have matured in one action. *West v. Moser, supra*. The conclusion, therefore, seems to be inevitable that, if the question of mechanic's lien were out of the way, the former recovery would be a complete bar to the present action on the residue of the account.

If there could be no recovery in this state on the residue of the account, how could the fact that the plaintiff was entitled to separate mechanics' liens for distinct items of the account affect the plea of former recovery? If the plaintiff's right of action on the account is barred, its right to enforce a lien for any por-

tion of the account necessarily fails.  A judgment of mechanic's lien, except in a few cases provided for by statute (of which this is not one), is a mere incident to a personal judgment against someone.  *Wibbing v. Powers,* 25 Mo. 599; *Simmons v. Carrier,* 60 Mo. 581; *Steinkamper v. McManus,* 26 Mo. App. 51.

Some early decisions in Pennsylvania and New Jersey are to the effect, that the taking of a warrant of attorney from the owner and entry of judgment thereon is no waiver of the mechanic's lien.  *Case of John Thompson,* 2 Browne (Penn.), 297; *Crean v. McFee,* 2 Miles (Penn.), 214; *Schanck v. Arrowsmith,* 1 Stockton (9 N. J. Eq.), 314; but an examination of these cases will show that no special statutory proceeding was requisite to effectuate the lien against the owner in those states at that time.  Upon a simple proceeding against the owner upon the debt, the law annexed the lien as an incident to the judgment.  Such is not the statutory remedy provided in this state.  The statute does not effectuate a mechanic's lien against the property by simply recovering a judgment for the debt against the owner; nor are we aware on what theory under our statute the creditor could first put his account into judgment, and then give the judgment in evidence in enforcing his mechanic's lien.  Our statute contemplates a proceeding upon an *account,* and as that account is merged in the judgment after rendition of a general judgment, no mechanic's lien is enforceable thereon.  The taking of a higher security on the property chargeable with the lien has been held in this state to be a waiver of the mechanic's lien.  *Gorman v. Sagner,* 22 Mo. 137.  How can a person obtain a general judgment against the owner, which is an enforceable lien against all of his property from the date of its rendition, and then by proceeding on such judgment obtain a special lien against part of the property, relating back

to the inception of the work thereon? A mechanic's lien is purely the creature of the statute, and the statute has made no provision for such a proceeding.

It necessarily results from the foregoing that, if the plaintiff's right to enforce the residue of its account has been extinguished by the fact that it saw fit to dismiss as to certain items of an entire matured account, and take a judgment for part of its items only, the fact, that the entire account, or part of the account, consisted of lienable items can not avoid the plea of former recovery.

The judgment is affirmed. Judge BOND concurs. Judge BIGGS is absent.