C. M. KENDRICK *et al.*, Respondents, v. GUTHRIE MANUFACTURING COMPANY, Appellant.

St. Louis Court of Appeals, December 4, 1894.

1. **Practice, Appellate**: WEIGHING THE EVIDENCE. In an action at law the trier of the facts is the sole judge of the weight of conflicting evidence, and of the credibility of the witnesses.

2. **Assignments**: EFFECT OF ALLOWANCE BY ASSIGNEE: MERGER OF ORIGINAL DEMAND. The allowance by an assignee for the benefit of creditors of a demand against the assigned estate is a judgment, which merges the original demand and bars a subsequent action thereon.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*Thos. Metcalfe* for appellant.

*Mills & Flitcraft* for respondent.

BIGGS, J.—This is an action for goods sold and delivered. One of the defenses is that prior to the institution of the suit the defendant, being unable to pay its debts in full, had made a voluntary assignment under the statute for the benefit of its creditors; that at a meeting of the majority of the creditors, including the plaintiffs, it was agreed that in settlement of their claims they would accept thirty-three and one-third per cent., and would recommend other creditors not present to make a like settlement; that on the faith of this, the defendant, through the assistance of others, raised the amount necessary to make the settlement, and that prior to the institution of this suit it tendered to the

plaintiffs one-third of their claim, which they refused to accept. The other defense is that the suit was improperly brought on the original account; that, if the plaintiffs had any cause of action against the defendant, it was on their demand as adjusted and allowed by the assignee. The cause was submitted to the court without the intervention of a jury. The issues were found for the plaintiffs, and a judgment entered in their favor for the full amount.

Touching the first defense the court, at the instance of defendant, gave the following instruction: "The court sitting as a jury declares the law to be that, if the defendant made an assignment for the benefit of his creditors, and that a number of his creditors thereafter met and agreed that, if the defendant could arrange to get enough money to pay them thirty-three and one-third per cent. of their claims against him, that they would accept the same as payment in full (and that the plaintiffs were parties to such agreement made at said meeting), and would recommend to the creditors not present at the meeting to accept such settlement; and that defendant did raise money sufficient to pay said thirty-three and one-third per cent. on said creditors' claims, and did make settlement with them as agreed; and that before this suit was brought tendered to plaintiffs thirty-three and one-third per cent. of their claim, to wit, $35.25; and that they refused the same; and that defendant, before the trial of this case was commenced, deposited said $35.25 with the court for the plaintiffs' use; then the court will find that plaintiffs are entitled to recover only said sum of $35.25, and must pay the costs of this suit."

The court gave the defendant all the law it asked, but found the facts against it. This finding the defendant insists is unsupported by the evidence. To make good this assignment, not only must the defend-

ant's evidence be conclusive on the question of settlement, but the evidence of the plaintiffs must not admit of a different construction; for the defense is an affirmative one, and the burden of proof is on the defendant to establish it.

It will suffice to say that the defendant's evidence tended fully and completely to establish the fact of an agreed settlement. On the other side one of the plaintiffs, who was present at the meeting, testified that the proposition for the settlement was made conditionally; that the proposed compromise had to be accepted by all of the defendant's creditors, and that the money was to be paid within thirty days after the meeting. Now, it was conceded that two of the creditors (who were not at the meeting) had refused to accede to the compromise, and that the money was not tendered to the plaintiffs until two or three months after the meeting. Again, some of the witnesses for the plaintiffs testified that no actual proposition of settlement was made at the meeting; that a resolution to accept thirty-three and one-third per cent. was adopted, but that the resolution was intended, and it was expressly so stated, to be merely an expression of the sense of the meeting, which would bind no one. It is quite clear that this assignment must be overruled. The trier of the facts is the sole judge of the weight of the evidence and of the credibility of the witnesses.

The second assignment of error presents a question which is by no means free of difficulty. The defendant offered in evidence the record of the assignee for the purpose of showing that, prior to the institution of this suit, the plaintiffs had presented their demand for adjustment and allowance, and that the same had been allowed by the assignee. The court excluded the testimony, and the defendant excepted. The contention is that the allowance of the demand of the plain-

tiffs by the assignee was in the nature of a judgment; that the original demand became thereby merged in the judgment, and that the plaintiffs' cause of action, if they have any, is on the allowed demand. The argument in opposition to this is that the allowance by the assignee was only a *quasi* judgment *in rem*, definitely fixing the *status* of the claim toward the assigned property.

The principle of law is well settled that, when a cause of action is prosecuted to a final judgment, a second suit on the original cause of action can not be maintained, provided the parties are the same. This is upon the theory that the cause of action is merged in the judgment, and that the judgment constitutes a new debt. *Cooksey v. Railroad*, 74 Mo. 477. Many reasons are assigned for the rule. The chief one rests on a rule of public policy, to the effect that the matters in issue, having been fully and finally determined, should not again be made the subject of judicial inquiry. But, where the judgment is strictly *in rem*, the doctrine of merger can not apply, for the reason that such a judgment affects only the property involved. 4 Waite on Actions and Defenses, p. 188; *Eastman v. Wadleigh*, 65 Me. 251; *Easterly v. Goodwin*, 35 Conn. 273. Thus a judgment in an attachment suit, when there is no personal service, binds only the property attached; it has no evidentiary force against the defendant in the attachment, and can not be made the basis of a suit anywhere. 1 Freeman on Judgments [4 Ed.], sec. 218. Is the judgment of allowance by an assignee a judgment *in rem*, merely fixing the *status* of the claim against the assigned property? On principle, we think that the question ought to be answered in the negative. The language of the statute is that the assignee shall *adjust* and allow demands. In the allowance of claims, the amount ascertained to be due is final and conclu-

sive, and becomes, unless appealed from, *res judicata.* All matters of set-off pertaining to or growing out of the claim must be presented, and, if not presented and allowed, the debtor will be bound by the judgment, unless it is reversed on appeal. As was said by the supreme court in the case of *Eppright v. Kauffman,* 90 Mo. 25: "When the assignee passes on a claim and allows it, the question involved therein becomes *res judicata,* and the decision of the assignee becomes final; in a word, a judgment, having all the force, effect and conclusive attributes of any other judgment." In the subsequent case of *Roan v. Winn,* 93 Mo. 503, the supreme court, following their decision in the *Eppright case, supra,* held that one who had obtained an allowance of his claim before an assignee was a *judgment creditor,* and, as such, could maintain a suit to set aside a fraudulent conveyance made by the assignor. In the case of *Nanson v. Jacob,* 93 Mo. 331, the plaintiff brought his action to recover damages for the *conversion* of certain goods. Prior to the institution of the suit he presented his claim to the assignee of the defendant, and it was allowed as *an account* for goods sold and delivered. The court held that the judgment of the assignee was conclusive, and that the action for conversion could not be maintained—in other words, that there had been an election between inconsistent remedies, and that the plaintiff was conclusively bound by the choice which he had made. These decisions show that the allowance of a demand by an assignee is something more than a judgment *in rem.* It constitutes a new debt like any other judgment, and is conclusive against the parties.

We, therefore, hold that the circuit court committed error in refusing to admit the testimony offered by the defendant. If, on a retrial, it appears that the demand in suit was allowed by the assignee, the pres-

ent action will have to be dismissed. With the concurrence of the other judges, the judgment will be reversed and the cause remanded.

### ON MOTION FOR REHEARING.

ROMBAUER, P. J.—An elaborate motion for rehearing has been filed in this cause, which is seemingly well supported by a citation of authorities from many states. For the reason hereinafter stated, we must decline to take issue with the mover on any point advanced by him, except one.

The mover says that the decision of this court, holding that the allowance of a claim by an assignee operates to merge the original cause of action àgainst the assignor and bars a suit on the original demand, has been a great surprise to the profession, *and that it is the first time that any court has so held.*

In the cases of *Eppright v. Kauffman*, 90 Mo. 25, and *Roan v. Winn*, 93 Mo. 503, which are both cited in the foregoing opinion, the supreme court ruled, in so many words, that the decision of an assignee is a judgment *"having all the force, effect and conclusive attributes of a judgment."* The constitution of this state provides that the last previous rulings of the supreme court on any question of law or equity shall in all cases be controling authority in the courts of appeals. It is not for us to analyze the merits of such rulings. Our duty is fulfilled when we follow them and carry them to their logical and unavoidable consequences.

This is all we have attempted to do in the foregoing opinion. It would be folly to say that an assignee's allowance is a judgment having all the force, effect and conclusive attributes of any other judgment, and yet hold that the account is not merged in such judgment.

Motion for rehearing is denied. All concur.