HAYDEN SLATE COMPANY, Appellant, v. NATIONAL COR-
    NICE AND IRON COMPANY *et al.*, Respondents.

### Kansas City Court of Appeals, May 20, 1895.

1. **Mechanics' Liens:** ASSIGNMENT: JUDGMENT: MERGER: ACCOUNT.
   The allowance of an account in favor of a subcontractor before the
   assignee of the original contractor, has the effect to disentitle the sub-
   contractor to enforce a lien against the owner of the building, since
   such allowance is a judgment and no account is left upon which to
   base the lien.

2. ——: ——: ——: ——. The allowance before the assignee
   merges the account into a judgment and no suit could thereafter be
   maintained on the account against the contractor.

3. **Assignment:** ALLOWANCE: JUDGMENT. Under the rulings in Mis-
   souri, an allowance before an assignee is a judgment having all the
   force, effect and conclusive attributes of any other judgment.

4. **Mechanics' Liens:** EFFECT OF CONTRACTOR'S WAIVER ON PROPERTY
   OWNER. An original contractor may waive the objection that the
   account has been merged into a judgment, but he can not do this to
   the prejudice of the owner of the property.

*Appeal from the Callaway Circuit Court.*—HON. J. A.
HOCKADAY, Judge.

AFFIRMED.

*Seneca N. Taylor* and *Chas. Erd* for appellant.

(1) The statute should be liberally construed to
uphold the lien, and all unfriendly strictness and tech-
nicality avoided. *Putnam v. Ross*, 46 Mo. 338; *Oster
v. Rabeneau*, 46 Mo. 595; *Dewitt v. Smith*, 63 Mo. 263;
*Morgan v. Railroad*, 76 Mo. 172; *Ranson v. Sheehan*, 78
Mo. 673; *Hayden v. Wulfing*, 19 Mo. App. 357;
*McAdow v. Sturtevant*, 41 Mo. App. 220; *Ridge v.
Mercantile Co.*, 56 Mo. App. 155; *Hicks v. Schofield*,

121 Mo. 381. (2) The lien is expressly given by statute and ought not to be considered waived, unless the intention to waive is plainly manifested. *Dowd v. Duncan*, 9 Mo. App. 417–424; *Lee v. Hassett*, 39 Mo. App. 67; *Ridge v. Mercantile Co.*, 56 Mo. App. 155; *Peck v. Bridwell*, 10 Mo. App. 524; *Light and Heating Co. v. Dowd*, 47 Mo. App. 446–447; *Chilton v. Lindsay*, 38 Mo. 57–61; *Cotsworth Co. v. Evans*, 97 Mo. 47; *Havinghorst v. Lindberg*, 67 Ill. 463; *Simonson v. Stack*, 52 N. W. Rep. (Wis.) 310; *Hischman v. Lybrand*, 14 S. & R. 32; *Scott v. Orbeson*, 21 Ark. 202. (3) A mechanic's lien is not created by contract. It is brought into operation by the established law of the land; and, in the absence of special arrangements to the contrary parties are presumed to have contracted for work and material with reference to this law. *Douglas v. Zinc Co.*, 56 Mo. 388; *Brick Co. v. Bormans*, 19 Mo. App. 367; *Macadarrel v. Sturdevant*, 41 Mo. App. 225; *Welsh v. Porter*, 63 Ala. 232; *Ross v. Isley*, 54 Me. 345; *Ebers, Adm'r, v. Elder*, 51 Miss. 495; *Wehr v. Shyrock*, 55 Md. 334; *Reindoller v. Finchenges*, 59 Md. 469; *Wilson v. Douglass*, 66 Md. 99. (4) All the following elements must concur in order to create an estoppel by conduct: There must be a false representation or concealment of material facts. The representation must have been made with knowledge of the facts. The party to whom it was made must have been ignorant of the truth of the matter. It must have been made with the intention that the other party should act upon it. The other party must have been induced to act upon it. *Blodget v. Perry*, 97 Mo. 272; *Sprulock v. Sproule*, 72 Mo. 510; *McShane v. Moberly*, 79 Mo. 44; *Burk v. Adams*, 80 Mo. 514; *Scrutchfield v. Sonter*, 119 Mo. 623; *St. Louis v. Lumber Co.*, 98 Mo. 613; *Taylor v. Zepp*, 14 Mo. 482. (5) The allowance of a claim by an assignee is not a final judgment, conclusive

between the creditor and the assignor. Such an allowance by an assignee is only a judgment *in rem*. It is only conclusive where not appealed from as establishing the claimant's right to share in the assets of the assigned estate. It does not have the effect of merging the original cause of action against the assignor, so as to constitute a new debt and bar a suit on the original demand. 1 Black on Judgments, sec. 4; Freeman on Judgments, sec. 2; Phillips on Mechanics' Liens, sec. 274; *Nelson v. Couch*, 15 C. B. (N. S.) 99; R. S. 1889, secs. 442 and 443; *Eppright v. Kauffman*, 90 Mo. 27; *Soap Co. v. Jacobus*, 16 Mo. App. 560; *Riley's Adm'r v. McCord's Adm'r*, 21 Mo. 285; *Douglas v. Zinc Co.*, 56 Mo. 400; *Dutton v. Herman*, 22 Mo. App. 458; *Bank v. Butman*, 29 Mo. 19; *McVickers v. Beedy*, 31 Me. 314; *Lewis v. Triscany*, 58 Cal. 304; *Cooper v. Reynolds*, 10 Wall. 308; 4 Wait's Actions and Defenses, p. 188; *Eastman v. Wadleigh*, 65 Me. 251; s. c., 40 Am. Rep. 695; Black on Judgments, sec. 674, p. 812; *Duffy v. Gray*, 52 Mo. 528; *Building Association v. Wagner*, 61 Cal. 349; *City, etc., v. State*, 118 Ind. 442; *Jacobi v. Jacobi*, 101 Mo. 507–513; *Powel v. Mfg. Co.*, 1 Luzerne, Leg. Rep. 92; *Kirkwood v. Hoxie*, 54 N. W. Rep. (Mich.) 720; *Terry v. Anderson*, 95 U. S. 635; *Clark v. Bever*, 139 U. S. 96–102. (6) It is also a settled rule of law that, where the judgment is such that a suit could not be brought upon it in another state, such judgment is no bar to a suit on the original cause of action upon which such judgment was rendered. It is not a merger of the cause of action. *Bank v. Butman*, 29 Me. 19; *McVicker v. Beedy*, 31 Me. 314; 2 Black on Judgments, sec. 673, 674; *Toby v. Brown*, 11 Ark. 308; *Cream v. McAffee*, 2 Miles (Pa.), 214; *Thompson case*, 2 Brown's Rep. (Pa.) 297. Moreover, it has been held, in other states having statutes like ours, that the reducing of an account to personal judgment against

the debtor is not a waiver of the mechanic's right to a lien; that the claimant may still enforce his lien against the property of the owner. *Kirkwood v. Hoxie*, 54 N. N. W. Rep. (Mich.) 720, and cases cited.

*C. B. Sebastian, I. W. Boulware, Gordon, Gordon & Gordon* and *N. T. Gentry* for respondents.

(1) That a material man or laborer by his conduct and acts can waive his lien, is well settled law in this state. *Rand v. Grubbs*, 26 Mo. App. 591; *Rice v. Arnold*, 58 Mo. App. 97. (2) The evidence further shows that plaintiff procured the allowance of its claim for the work done upon the First Christian Church of Columbia, Missouri, by F. J. McMaster, the assignee of the National Cornice and Iron Company, the original contractors with the church, prior to the bringing of this suit. Up to that time the plaintiff might have had the right to have filed a lien for his work done upon the First Christian Church, provided it had furnished the material and done the work on the faith or credit of the church into which they entered, in accordance with the rule laid down in *Planing Mill Co. v. Ritter*, 33 Mo. App. 404, and provided, further, it had not, by its acts, conduct and statement, waived its right to a lien; but when it presented its claim to the assignee and procured its allowance, it then became a judgment. *Roan v. Winn*, 93 Mo. 503; *Eppright v. Kauffman*, 90 Mo. 25; *Nanson v. Jacob*, 93 Mo. 331. (3) Our mechanics' lien law contemplates proceedings upon an open account and not upon a judgment; plaintiffs having waived its lien ceases, and, in accordance with the doctrines recently laid down in *O'Brien v. Haydock*, 59 Mo. App. 653, it is manifest that plaintiff had waived its lien and could not recover upon it, and that the judgment rendered in the case is more favorable to plaintiff than it should be.

ELLISON, J.—Plaintiff was a subcontractor under the defendant Cornice Company and brought this action to enforce a mechanic's lien against the First Christian church at Columbia, Missouri, with which the Cornice Company was an original contractor. The trial court gave judgment for plaintiff against the defendant, Cornice Company, for the amount of the account, $810.84, and gave judgment for the enforcement of the lien for the sum of $382.37, that being the amount of money due from the church to the Cornice Company. The court refused to enforce the lien against the church for more than the last mentioned sum. Plaintiff appealed. Neither of the defendants appealed.

As the decision of one point made by the church will determine the case, it will not be necessary to notice others. It appears that the Cornice Company was the contractor with the church, and that the Cornice Company engaged the plaintiff to furnish the material and put a slate roof on the church building; that the agents of the church paid to the Cornice Company all that was due such company, except the sum aforesaid, for which the lien was adjudged—that sum being held back by the church to await the result of this litigation. It further appears that afterward the Cornice Company made a general assignment for the benefit of creditors, and that the plaintiff's account here in question, was allowed by the assignee, and a dividend of $124 was afterward paid to the plaintiff by the assignee.

In our opinion, the allowance of the account before the assignee, has the effect to disentitle plaintiff to enforce its lien against the church building, for the reason that the allowance is a judgment into which the account merged and that no account is left upon which to base a lien. That the statute governing mechanics'

liens contemplates that an *account* shall be the founda-
tion of the suit in which the lien is set up, can not well
be disputed. *LaCrosse Lumber Co. v. Audrain A. &
M. S.*, 59 Mo. App. 24. The statute contemplates
nothing less, as shown by the entire act. It is also well
settled that the original debtor (in this case, the Cornice
Company) must be made a party. R. S. 1889, sec.
6713. And that there must be an adjudication of the
account between the parties to it. There must be this
adjudication of the debt before there can be an enforce-
ment of the lien. *Murdock v. Hillyer*, 45 Mo. App.
287; *Steinman v. Strimple*, 29 Mo. App. 478; *Stein-
kamper v. McManus*, 26 Mo. App. 52; *Wibbing v.
Powers*, 25 Mo. 599; *Ashburn v. Ayers*, 28 Mo. 75;
*Wescott v. Bridwell*, 40 Mo. 146. Whenever, there-
fore, the lienor does that whereby he disables himself
from obtaining a judgment on his lien account in a
proceeding to enforce the lien, he can not enforce the
lien against the owner's property. Thus, if he should
dismiss the case as to the contractor who personally
owes him the account, he can not enforce the lien
against the owner's property. *Wibbing v. Powers* and
*Ashburn v. Ayers, supra.*

Applying the foregoing to the condition in which
we find plaintiff, it can not maintain the lien it claims.
By obtaining the allowance of the account in the
assignee proceedings of the Cornice Company, the
plaintiff obtained a judgment on said account, into
which the account merged, and *no suit could thereafter
be maintained on the account against the Cornice Com-
pany*. If A. obtains judgment against B. on an
account, he can not afterward sue B. on the same
account. He may again sue B., but the suit would be
on the judgment. So, therefore, plaintiff ought not to
be allowed to sue the Cornice Company on the account,
since the account no longer exists. And, there being

no account rightfully in suit, there is, as before stated, no foundation for the lien, since the lien, with us, is a mere incident to the debt. We consider this question as having been determined by the St. Louis court of appeals in the recent cases of *LaCrosse Lumber Co. v. Audrain Co. A. & M. S.*, *supra*, and *O'Brien v. Haydock*, 59 Mo. App. 653.

But it is insisted by plaintiff that the allowance of the account by the assignee is not a judgment. The rulings of the supreme court and of the St. Louis court of appeals are that such an allowance is a judgment; that the questions involved in the matter become *res adjudicata*. The "judgment has all the force, effect and conclusive attributes of any other judgment." *Eppright v. Kauffman*, 90 Mo. 25. The party obtaining the allowance becomes a judgment creditor. *Roan v. Winn*, 93 Mo. 503. If he elects that remedy, he is bound by it. *Nanson v. Jacob*, 93 Mo. 331. "It constitutes a new debt, like any other judgment, and is conclusive against the parties. *Kendrick v. Guthrie M. Co.*, 60 Mo. App. 22.

It may be suggested that the contractor may waive the objection that the account had been merged into a judgment. But he can not do this to the prejudice of the owner of the property. The owner is entitled to avail himself of any defense pertaining to the claim sued upon, which goes to the disestablishment of the lien.

The result is that plaintiff was not entitled to a lien against the church building for any sum. But, as the church is making no complaint as to the lien allowed by the court, for the limited amount stated, the judgment will be affirmed. All concur.