RICE, STIX & Co., Defendants in Error, v. McCLURE & HARPER, Plaintiffs in Error.

Kansas City Court of Appeals, April 4, 1898.

1. **Assignment:** ASSIGNEE'S JUDGMENT: MERGER. An assignee's allowance against his assignor's estate is to all intents and purposes a judgment and extinguishes the original cause of action.

2. **Action :** PETITION: AMENDMENT. Where, after bringing his action on an account, plaintiff secures its allowance by the defendant's assignee, he can not amend his petition so as to declare on the allowance of the assignee since such allowance did not exist at the institution of the suit.

*Appeal from the DeKalb Circuit Court.*—Hon. W. S. Herndon, Judge.

Reversed.

Harwood & Hubbell for plaintiff in error.

(1) A party can not, in an action at law, sue on one cause of action and, then, after the evidence has all been introduced, file an amended petition alleging another and a different cause of action, which other and different cause of action was not in existence at the time the action was originally commenced, and which other and different cause of action accrued subsequently to the commencement of the original action. R. S. 1889, sec. 2098; Davis v. Clark, 40 Mo. App. loc. cit. 522. (2) A creditor can not, after having his claim allowed before an assignee (under a general assignment for the benefit of creditors), maintain an action at law on the judgment rendered by the assignment. Kendrick v. Mfg. Co., 60 Mo. App. 22; Boiler Works v. Haydock, 59 Mo. App. loc. cit. 660; Slate Co. v. Cornice Co., 62 Mo. App. 569; 1 Hermann, Es. and Res. Adj., secs. 133, 244.

Hewitt & Blair for defendants in error.

(1) The case of Davis v. Clark, cited by the plaintiffs in error, in support of their first proposition, is not in point, as will be observed at once upon an analysis. 40 Mo. App. loc. cit. 522, and the case at bar. (2) The trial judge did not err or abuse his discretionary power in permitting the amendment, as disclosed by the record proper. Appellate courts will not reverse on this ground unless it can be clearly seen that the amendment was an abuse of such power, to the prejudice of the party complaining.

Cullum v. Cundiff, 20 Mo. loc. cit. 522; Stewart v. Glenn, 58 Mo. loc. cit. 487; Carr v. Moss, 87 Mo. loc. cit. 450. (3) The allowance by the assignees, in effect, constituted an account stated. "An amendment changing an open account to an 'account stated does not change the cause of action." Newberger v. Freide, 23 Mo. App. 631; Lustin v. Cohen, 44 Mo. App. 271; Hanson v. Jones, 20 Mo. App. loc. cit. 600.

GILL, J.—In February, 1896, the plaintiffs, wholesale merchants at St. Louis, sued defendants on an account of $824.63 for goods sold and delivered, the petition being in the usual form. Shortly before that (in January, 1896) the defendants made a voluntary assignment under the statute and at the institution of this suit the assignees had qualified and were in possession of the assignors' property. In April, 1896, the assignees, in pursuance of the assignment statute, and after due notice given, sat for the allowance of claims, and the plaintiffs then and there presented their said account (the same they had already sued on) and the assignee allowed the same and issued to the plaintiffs a certificate to that effect. After this allowance the assignees paid dividends to the various creditors and plaintiffs received and accepted their portion which was fifty per cent on their claim as allowed.

STATEMENT.

At the October term, 1896, defendants filed their answer to plaintiffs on account wherein they set up the facts relating to said assignment, allowance and payments by the assignee, etc., as above stated. Thereupon the cause was tried before the court sitting as a jury—the parties conceding the facts as above stated. The bill of exceptions then recites that: "After the trial the plaintiffs asked leave to amend their petition so as to set forth the facts detailed in the

second count of defendants' answer (the same as above stated), and to pray for judgment on the assignees' judgment instead of judgment on the account as set forth in plaintiffs' petition.'' This amendment the court allowed, over the defendants' objection; and then gave judgment for plaintiff on the balance due them on the claim as evidenced by the assignees' judgment.

After an ineffectual motion for new trial defendants brought the case here by writ of error.

That the allowance of plaintiffs' demand by the assignees was to all intents and purposes a judgment—with ''all the force, effect and conclusive attributes of any other judgment.'' —is no longer an open question in this state. Slate Co. v. Cornice Co., 62 Mo. App. 569; Kendrick v. Mfg. Co., 60 Mo. App. 22; Boiler Works v. Haydock, 59 Mo. App. 653; Eppright v. Kaufmann, 90 Mo. 25. And, being a judgment it extinguished the original demand or cause of action on the account. The account became merged in the judgment and no longer existed. If then a plaintiff bring two actions for the same cause a judgment in one is a bar to the other. 1 Herman on Estop., sec. 244. So then it would seem clear that under the conceded facts of this case plaintiffs' demand had, before the trial, been reduced or merged into a judgment and an action was no longer maintainable thereon.

*Assignment: assignee's judgment: merger.*

However plaintiffs' counsel sought to avoid defeat in the action by amending the petition so as to sue on the assignees' judgment. But this will not save the case, for the judgment (or allowance by the assignee) did not exist at the institution of this suit; this action was commenced in February while the assignees' judgments was not rendered until in the April following. It is well settled

*Action: petition: amendment.*

that the cause of action must be complete at the beginning of the suit. "Filing an amended petition does not open up to plaintiff a cause of action accruing after the original petition was filed." Davis v. Clark, 40 Mo. App. 515. So then the plaintiffs must fail to recover on any theory—on the account, because it has become merged in the judgment, and on the judgment because it did not exist at the institution of the suit.

Judgment reversed. All concur.