ROBERT WYCOFF, Appellant, v. EPWORTH HOTEL CONSTRUCTION & REAL ESTATE CO. et al., Respondents.

St. Louis Court of Appeals, February 1, 1910.

1. **ASSIGNMENT FOR BENEFIT OF CREDITORS: Judgments: Allowance of Claim is Judgment.** The allowance by an assignee for the benefit of creditors of the demand of a creditor of the assignor is a judgment.

2. **JUDGMENTS: Original Cause of Action Merged in.** A judgment of a competent tribunal has the effect of merging the original cause of action in the judgment and it becomes extinguished, and no further action is maintainable on the original cause of action, but a suit subsequently instituted to collect the indebtedness must be predicated on the judgment

3. **MECHANICS' LIENS: Judgments: Lien Account Merged in Judgment on Original Cause of Action.** Under Section 4207, Revised Statutes 1899, requiring a lien claimant to file a just account of the demand due, etc., a lien claimant who has merged his lien account in a judgment is precluded from employing the account as a basis for enforcing a mechanic's lien; and though the indebtedness continues by virtue of the judgment which is unpaid, the account is extinguished.

4. ————: ————: ————: **Assignment for Benefit of Creditors: Effect of Voluntary Presentation of Account for Allowance.** A lien claimant who voluntarily presents his demand to, and obtains its allowance before, an assignee for the benefit of creditors of the owner of the property or the original contractor forfeits his rights to thereafter enforce the lien in a suit on the account.

5. **APPELLATE PRACTICE: Exception to Evidence.** Where no exceptions were preserved to the admission of evidence, the rulings thereon will not be reviewed on appeal.

6. **PLEADING: Sufficiency of Answer: Aider by Verdict.** Where an answer was not questioned by demurrer or motion to make it more definite and certain, and no exceptions were preserved to the admission of evidence thereunder, its sufficiency must be considered with reference to such aid as it received from admissions against interest by plaintiff contained in the petition and such reasonable implications as arise from the averments contained in the answer.

7. ———: ———: ———. In determining the sufficiency of a pleading after verdict, all necessary implications and reasonable inferences of fact must be allowed in aid thereof.

8. TRUST COMPANIES: Pleading: Sufficiency of Answer Pleading Incorporation: Aider by Verdict. Where the petition alleged that defendant was a domestic corporation, an answer, averring that defendant was a trust company, that it had deposited with the Superintendent of the Insurance Department $200,000 in securities, approved by the Superintendent, and that it had satisfied the Superintendent of its solvency and had received a certificate from him, and thereby became qualified to act as assignee for the benefit of creditors, sufficiently averred, after verdict, that it was a domestic incorporated trust company, authorized under Sections 1427, 1438, Revised Statutes 1899, to act as assignee for the benefit of creditors, and its allowance of a claim presented by a creditor of the assignor had the force of a judgment.

9. ———: Evidence: Judicial Notice: Powers of Trust Company. The court will take judicial notice of the fact that a domestic incorporated trust company is such only as is provided for in Revised Statutes 1899, ch. 12, art. 12, relating to the powers of trust companies.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

AFFIRMED.

*Henry M. Post* for appellant.

(1) Plaintiff's instruction No. 1 should have been given and defendant's instruction No. 2 should have been refused, and all evidence of acts of the trust company, defendant, acting as assignee under the assignment, should have been excluded on the objection of the plaintiff, because defendant had not laid the foundation for such instruction or evidence by its pleading or preliminary evidence. (a) Said trust company, as a corporation, is an artificial body restricted in its powers and functions to the enabling act under which it exists. (b) The answer does not aver, nor did any evidence show under what law it was organized; it does not aver

or show, even, that it was organized under article 12 of chapter 12 of the Corporation Laws of this State, under which alone any corporation could have been authorized to act as assignee for the benefit of creditors. Assuming the name of "trust company" does not vest it with any authority or powers at all. (c) The answer does not aver, nor was there any evidence that the "trust company" was organized for the specific purpose of acting as assignee, as recited in the second clause of section 1427 of said article, as is required by the seventh clause of section 1424 of said chapter, and as required further by section 971 of said chapter, which provides that "no corporation shall engage in any business other than that expressly authorized by its charter or the law under which it may have been or may hereafter be organized." State ex rel. v. Trust Company, 144 Mo. 58; Matthews v. Skinker, 62 Mo. 329; Bowman v. Dairy Company, 41 Mo. App. 665; Field v. Railroad, 76 Mo. 614; Halpin Co. v. School District, 54 Mo. App. 371; Phleger v. Weltner, 21 Mo. App. 586; Mfg Co. v. Mitchell, 38 Mo. App. 328; Clinton v. Williams, 53 Mo. 141. (2) Defendant's instruction No. 1 should have been refused, and plaintiff's instructions Nos. 4 and 5 should have been given. (a) There was no evidence that the ground in controversy was not in a city, town or village, and the defendant having averred that to be the case assumed the burden of proving the fact, and failed to do so. Thereupon that defense could not avail him. (b) Even if the area of the ground included in the technical description of the land exceeded an acre, the area occupied by the building was less than an acre, and the lien would attach to the ground actually occupied by the building. Oster v. Rabenau, 46 Mo. 597; Holland v. McCarthy, 24 Mo. App. 86; Dewitt v. Smith, 63 Mo. 266; Bradish v. James, 83 Mo. 317; Rall v. McCrary, 45 Mo. App. 365. (c) The lien would attach to the building even if it did not attach to the land. R. S. 1899, sec. 4205; Hicks v. Schofield, 121 Mo. 387. (3) The doctrine that the allowance of

plaintiff's demand by the assignee, even if such an act of this assignee should be considered in view of our previous objections, operates as a bar to plaintiff's enforcement of his mechanics' lien is not supported by the cases on which it claimed to rest. An analysis of said cases is respectfully submitted in our argument.

*T. K. Skinker* for respondent.

(1) The plaintiff's lien claim is void because it describes and claims a lien upon more than one acre of land. R. S. sec. 4203. (2) The allowance by the assignee of the note given for appellant's claim merged his demand into a judgment, and thereafter no action would lie on the account. For that reason the present case was not maintainable. Rice v. McClure, 74 Mo. App. 379; Boiler Works v. Haydock, 59 Mo. App. 653; Lumber Co. v. A. & M. Society, 59 Mo. App. 24; Slate Co. v. Cornice Co., 62 Mo. App. 569; Kendrick v. Mfg. Co., 60 Mo. App. 22; Epright v. Kaufman, 90 Mo. 25; Roan v. Winn, 93 Mo. 503; Nanson v. Jacob, 93 Mo. 351. (3) The court below properly admitted evidence that the plaintiff had procured the allowance of his demand by the trust company acting as assignee for the benefit of creditors of the hotel company. R. S. 1899, secs. 1413, 1427, 1438; Oil Well Supply Co. v. Wolfe, 127 Mo. 616; Harper v. Fidler, 105 Mo. App. 680; Edmondson v. Phillips, 73 Mo. 57; Durham v. Bolivar, 106 Mo. App. 601; Haase v. Distilling Co., 64 App. 131; State v. Walbridge, 69 Mo. App. 657; Cockerill v. Stafford, 102 Mo. 57; Spillane v. Railroad, 111 Mo. 555; Weaver v. Harlan, 48 Mo. App. 319; Grelle v. Loxen, 7 Mo. App. 97; Banchor v. Gregory, 9 Mo. App. 102; Donahue v. Bragg, 49 Mo. App. 273; Spurlock v. Railroad, 93 Mo. 530; Sayer v. Devore, 99 Mo. 437; McDermott v. Claas, 104 Mo. 14; Publishing Co. v. Warehouse Co., 123 Mo. App. 13; York v. Bank, 105 Mo. App. 127; Goodland v. Bank, 74 Mo. App. 365; Russell v. Cassidy, 108 Mo.

App. 577; Bank v. Trust Co., 187 Mo. 494; Shewalter v. Pirner, 55 Mo. 218; Matthews v. Skinker, 62 Mo. 329; Bank v. Matthews, 98 U. S. 621; Drug Co. v. Robinson, 81 Mo. 18; Clinton v. Williams, 53 Mo. 141.

NORTONI, J.—This is a suit to enforce a mechanic's lien against a hotel building and an acre of land on which it is situate in St. Louis county. The plaintiff recovered a personal judgment against the original contractor by default on his cause of action, but the court declined to enforce the lien against the property, the title to which now resides in the other defendant. The lien having been denied and judgment given for the defendant Trust Company of St. Louis County to that effect, plaintiff prosecutes the appeal.

It appears that plaintiff contracted with the defendant, Epworth Hotel Construction and Real Estate Company, a corporation, the owner, to furnish certain materials and perform certain services in and about the erection of a hotel of considerable proportions situated on a plot of ground in St. Louis county. The plaintiff fully performed on his part by furnishing the materials and labor which were employed in the construction of the building and there remained a balance due him on account of such materials and labor amounting to $772.77, for which he duly and properly filed his mechanic's lien and account in the office of the clerk of the circuit court of St. Louis county. Afterwards, and prior to the expiration of the time allowed plaintiff for the enforcement of his lien, the Epworth Hotel Construction and Real Estate Company, owner of the property, being in embarrassed circumstances, made a voluntary assignment of all its property including the hotel building, lands, etc., by competent deed, to the defendant Trust Company of St. Louis County, a corporation, for the benefit of creditors under the provisions of chapter 2, Revised Statutes 1899, An. St., chapter 2, 1906, concerning such assignments.

The Trust Company of St. Louis County, having duly accepted the assignment and qualified as assignee in accordance with the law in such cases made and provided, set a time and place for the hearing and allowance of demands against the assigned estate and gave notice to that effect as is provided for in section 342, Revised Statutes 1899, An. St., sec. 342, 1906. Although the plaintiff had filed his lien account and given proper notices to that effect that he intended to enforce the same against the building and land referred to, he nevertheless presented his demand to the assignee for allowance. The assignee, having been satisfied by the proof produced thereon, gave judgment under the provisions of sections 342, 343, 344, 345, Revised Statutes 1899, An. St., 342, 343, 344, 345, 1906, for the plaintiff, establishing the same as a demand against the assigned estate in its hands for the full amount thereof. Thereafter, and within the time prescribed for the institution of suits to enforce a mechanic's lien, the plaintiff filed his petition in this cause to the end of enforcing his lien. The Epworth Hotel Construction and Real Estate Company, as original owner and contractor, and the defendant Trust Company of St. Louis County, in whom then resided the title, were each made parties defendant. The defendant Epworth Hotel Construction and Real Estate Company, although duly served, did not appear but, on the contrary, suffered judgment to go against it by default on the cause of action, that is, the account sued upon. The defendant Trust Company of St. Louis county defended the action in so far as the enforcement of the lien against the property was sought. It appearing that the plaintiff had filed his demand and taken judgment thereon before the Trust Company of St. Louis County, assignee, for the benefit of the creditors of the original owner and contractor, Epworth Hotel Construction and Real Estate Company, the court declared the law to the effect that the enforcement of the lien was precluded by virtue of the judgment

given for plaintiff by the assignee on his demand. Although another question is presented as well by instructions given and refused, it will be unnecessary to notice it, as it is obvious that if the court was right in declaring the law with respect to the effect of the allowance of plaintiff's demand by the assignee, that proposition alone will operate to defeat the right to enforce the lien. It is conclusively settled in the law of this State that the allowance by an assignee of the demand or account of a creditor of the assignor under the provisions of our statute relating to assignments for the benefit of creditors is a judgment having all of the force, effect and conclusive attributes of any other judgment given by a lawful tribunal. Among the attributes of a judgment given by a competent tribunal is that it has the effect of merging the original cause of action in the judgment; that is to say, if the judgment is given on an indebtedness arising on account, the account becomes extinguished by virtue of its merger into the judgment given thereon and no further action may be maintained on the original cause of action or account. The doctrine is that if a suit is thereafter instituted for the purpose of collecting the same indebtedness, it must predicate upon the judgment in which the account is merged and not upon the account which has been theretofore extinguished by virtue of the merger in the judgment. [Eppright v. Kauffman, 90 Mo. 25, 1 S. W. 736; Roan v. Winn, 93 Mo. 503, 4 S. W. 736; Nanson v. Jacob, 93 Mo. 331, 6 S. W. 246; Rice, Stix & Co. v. McClure, 74 Mo. App. 379; Kendrick v. Guthrie Mfg. Co., 60 Mo. App. 22; O'Brien Boiler Works v. Haydock, 59 Mo. App. 653; Hayden Slate Co. v. National Cornice, etc., Co., 62 Mo. App. 569; see also to the same effect LaCrosse Lumber Co. v. Audrain County Agricultural, etc., Society, 59 Mo. App. 24.]

Our statute concerning mechanics' liens, sec. 4207, Revised Statutes 1899, and in fact the entire mechanics' lien act, contemplates that proceedings to enforce such

liens shall be founded on the account as to materials or
labor furnished, or both.  The section last referred to
pointedly requires the filing of a just and true account of
the demand, etc., which is to be a lien upon the building
or other improvements.  In view of these provisions, it
has been frequently ruled by the courts of this State
that where the plaintiff has merged his lien account
in a judgment given either by a court of law or an
assignee for the benefit of the creditors of the original
owner or contractor, he is thereby precluded from
thereafter employing the same as a basis for the purpose
of enforcing a mechanic's lien.  Although the indebt-
edness may continue to exist by virtue of the judgment
which is unpaid, the account, which in contemplation
of the lien statutes must be the basis of all proceedings
looking to the enforcement of the lien, is extinguished
by being merged in the judgment.  For cases directly
in point to the effect that a mechanic's lien may not
be enforced by the claimant in a suit on the account
after he has proved and procured the allowance of his
demand before the assignee for the benefit of the cred-
itors of the owner or contractor, see the following: Hay-
den Slate Co. v. National Cornice, etc., Co., 62 Mo.
App. 569; O'Brien Boiler Works v. Haydock, 59 Mo.
App. 653.  For authorities, although not lien cases, to
the effect that the allowance by an assignee for the
benefit of creditors of a demand against the assigned
estate is a judgment which operates to merge the orig-
inal demand and bar a subsequent action thereon, see
Kendrick v. Guthrie Mfg. Co., 60 Mo. App. 22, and
Rice, Stix & Co. v. McClure, 74 Mo. App. 379.  For an
enforcement of the same principle when the judgment
on the original demand was given in a court of com-
petent jurisdiction and the proceedings in judgment
sought to enforce a mechanic's lien, in another suit
thereafter on the original account, see LaCrosse Lumber

Co. v. Audrain County Agricultural, etc., Society, 59 Mo. App. 24.

Under these authorities, the plaintiff, by voluntarily presenting his demand and obtaining its allowance before the assignee, precluded and forfeited his right to thereafter enforce a lien in a suit on the account for the reason, as we understand the doctrine, that he had extinguished the account which by the statute is a prerequisite as the basis to all future proceedings for the establishment of a lien to the end of securing its payment.

It appears the defendant Trust Company of St. Louis County is an incorporated trust company under the laws of this State; that it had qualified as such under the provisions of section 1438, Revised Statutes 1899, An. St., sec. 1438, 1906, by depositing with the insurance commissioner $200,000 in assets, approved by him and that it possessed all of the powers conferred on such companies by sections 1427 and 1438, Revised Statutes 1899, An. St., secs. 1427, 1438, 1906. Among the powers thus conferred upon trust companies is one to act as assignee under the laws pertaining to assignments for the benefit of creditors. [Sec. 1427, R. S. 1899, An. St. 1427, 1906.] It may be said that these facts were not shown by the best evidence of which their proof was susceptible, nevertheless they appear in the record. Besides an allegation in plaintiff's petition to the effect that this defendant is a corporation organized under the laws of Missouri, there is substantial evidence tending to prove it was a trust company possessing, among other things, the power above mentioned. It is true the evidence on this score was introduced over the plaintiff's objection. However that may be, no exceptions whatever appear to have been preserved to the action of the court in admitting the same and the rulings thereon will not be further noticed for that reason. It is sufficient in the present situation of affairs to say that together with the averment in the

petition to the effect that the trust company is a corporation organized under the laws of this State, there is substantial proof that it was a trust company possessed of the power to receive, accept and discharge the trust as assignee under the statutes relating to assignments for the benefit of creditors.

The plaintiff argues, however, that even though the evidence referred to tends to prove the facts mentioned, it should have been excluded for the reason the averments of the answer in that behalf are insufficient. The theory is that unless it appears the trust company was an incorporated institution and duly qualified under the laws of this State to accept and discharge such assignments, the judgment given by it on plaintiff's demand should be treated as *coram non judice* and therefore insufficient to preclude the enforcement of the lien. It is true the averments of the answer in this respect are somewhat meager but in view of the fact that no exceptions were preserved to the introduction of the evidence thereunder the sufficiency of the answer must be ascertained with respect to the rule which obtains after verdict. The answer was not questioned by demurrer nor was there a motion filed to make it more definite and certain. Under these circumstances, it must be considered with reference to such aid as it received from admissions against the interests of the plaintiff contained in the petition and such reasonable implications as arise from averments contained in the answer as well. It is the rule in determining the sufficiency of a pleading after verdict that all necessary implications and reasonable inferences of fact must be allowed in aid thereof. [Thomasson v. Mercantile Town Mutual Insurance Co., 217 Mo. 485, 117 S. W. 1092; Thomasson v. Mercantile Town Mutual Insurance Co., 114 Mo. App. 109, 89 S. W. 564; Munchow v. Munchow, 96 Mo. App. 553, 70 S. W. 386.]

The answer avers the defendant to be the Trust Company of St. Louis County. Under the doctrine of

express aider, there is supplied therein the admissions contained in the petition that defendant is a corporation incorporated and existing under the laws of this State. Among other things, it is pointedly averred in the answer that defendant had made with the Superintendent of the Insurance Department of the State of Missouri a deposit of $200,000 in first-class securities, which were approved by said superintendent and that it satisfied said superintendent of its solvency and had received a certificate from said superintendent to the effect that said company had made said deposit and had satisfied him of its solvency and thereby became qualified to act as assignee under any deed of assignment for the benefit of creditors. It is true the answer does not aver in so many words that defendant is an incorporated trust company under the laws of this State, yet, such is essentially implied from the averment that it is a trust company, when considered first with reference to the aider contained in the petition, and second, when it appears that it has complied with the law requiring such trust companies to make a deposit and satisfy the insurance commissioner of its solvency to the end of qualifying itself to act as assignee in such cases without bond. Section 1427, Revised Statutes 1899, expressly confers authority upon incorporated trust companies in this State to act as assignee in cases of this character for the benefit of creditors. Section 1438, Revised Statutes 1899, provides substantially that upon such company's making the required deposit of $200,000 in proper assets, to be approved by the insurance commissioner, and upon satisfying such commissioner of its solvency, it may be authorized to act as assignee without bond. This section refers, too, in express terms to section 1427, which must be read together with it (sec. 1438) for an enumeration of the powers to be exercised by such companies after having made the required deposit. Both these sections enumerate the right

of acting as assignee for the benefit of creditors as one of the powers of such trust companies.

In view of the averment of the answer that the defendant is a trust company and the aider thereof found in the plaintiff's petition to the effect that it is incorporated under the laws of this State, it certainly sufficiently appears to be an incorporated trust company under the laws of Missouri. The court will take judicial notice of the fact that an incorporated trust company under the laws of Missouri is such only as is provided for in article 12, chapter 12, Revised Statutes 1899. This much conclusively appearing, other averments of the answer certainly imply that it had qualified as such trust company under the laws of this State to accept assignments and perform the duties of an assignee. Other portions of the answer are replete in averment to the effect that defendant did accept and discharge the duties of assignee; that the plaintiff filed his claim and that same was duly allowed, etc.

The judgment should be affirmed. It is so ordered. All concur.