E. D. BEWICK, Appellant, v. E. M. PRICE et al., Respondents.

Kansas City Court of Appeals, March 3, 1913.

1. **MECHANIC'S LIENS: Judgment: Merger: Second Action.** A material man is entitled to but one lien on the same account, and if an action is brought to obtain judgment on an account and to enforce a mechanic's lien therefor, and judgment is rendered in such action for the enforcement of the lien, the account and lien are merged in the judgment, and a second action for the enforcement of the same lien cannot be maintained.

2. **REFUSAL OF JURY TRIAL: No Issue Made: Harmless Error.** If the court refuses a jury to a plaintiff in a case which belongs to a class where a right to a jury trial exists, yet the parties proceed to trial and the evidence in plaintiff's behalf develops a case without any issue for a jury to determine, the refusal of the jury was harmless and is not reversible error.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris*, Judge.

AFFIRMED.

*N. T. Gentry* for appellant.

*Walker & Walker* for respondent.

ELLISON, J.—Plaintiff's action is to enforce a mechanic's lien. The judgment in the trial court was for the defendants.

It appears that plaintiff's claim is for building a house for defendant Stephenson in Columbia, under a contract therefor executed the 21st of January,

1910, for $5350. That there were various payments, which reduced the sum due to $1307.37. He performed his last work under the contract in September, 1910, and thereafter, on February 11, 1911, filed his me chanic's lien in the proper office, and in the next month instituted his action to enforce the same, and in the next month obtained judgment by agreement on the account and for the enforcement of the lien against the property.

It seems that between the time of building the house under this contract and the filing of the lien there were three deeds of trust placed upon the prop· erty; but in bringing the action to enforce the lien the *cestui que trust*, Rose, and the trustee, beneficiary and trustee in one of the deeds of trust, were not made parties, though the beneficiary and trustee in the two others were. Upon ascertaining the omission to make these persons parties, and realizing they were not bound by the judgment, plaintiff fell upon the plan of filing another lien and instituting the present action thereon, making the persons omitted in the first suit parties thereto.

Plaintiff states that when the first action was about to be called for trial, at the April term, 1911, he and the defendant contractor discovered the house was not entirely finished, and they agreed that plaintiff should have judgment enforcing his lien, he agreeing to finish the house according to the contract. It is further stated that plaintiff did thereafter finish it, on May 27, 1911; and on the 5th of September following he filed the lien in the proper office which is the subject of the present action.

It will be observed that the subject-matter of the present suit is the same lien account put in judgment in the first; and it is practically conceded that the object of the second action is to bind the interest of Rose and Price, who were omitted in the first.

Plaintiff claims a right to file the lien paper the

second time, on account of his agreement with defendant Stephenson to finish the building after having filed the first lien as already stated, and that when he filed the second lien in September it was within the limited period from the final finishing of the building.

It is manifest that the action cannot be maintained. In the first place, when the house was completed and accepted and it was then discovered there remained something not done, which had been overlooked, and the owner accepted the promise of the contractor to do that work, the date of the acceptance of the building is the time when the limitation period for the lien begins to run. [General Fire Extinguisher Co. v. Farmers Elevator Co., 165 Mo. 171, 180.] So when plaintiff took the judgment for his account and lien, he promising to do the overlooked work, that was the end, save payment of the judgment. And any attempt to start a new lien proceeding by beginning again within a lien period counting from the time the overlooked work was finished, must fail.

Again, after having filed his lien and obtained judgment, he could not file another. He had "but one lien for the same demand." [Mulloy v. Lawrence, 31 Mo. 583.] Again, having obtained a judgment upon his account and for the enforcement of his lien, they each became merged in the judgment, and a subsequent proceeding to obtain another judgement on the same account is without support. [Slate Co. v. Cornice & Iron Co., 62 Mo. App. 569; Wycoff v. Hotel Co., 146 Mo. App. 554.]

It appears that plaintiff was refused a jury trial. There were three liens evidenced by deeds of trust in favor of different parties. These and the mechanic's lien claimed were to be adjusted. The statute (Laws 1911, p. 314) makes such an action where there are several lien claims, one in equity, and therefore triable by the court without a jury. But it seems

if there is but one lien claimant, the action remains one at law. [Law 1911, p. 314, sec. 8235c.]

We do not deem it necessary to construe the pro-visions of this statute, since the record shows that no case was made for a jury and hence no harm resulted to plaintiff and no reversible error was committed in refusing to call a jury. After a jury was refused plaintiff proceeded with the trial without a jury, and himself showed that he did not have a case which could be submitted to the decision of a jury; and that his case was one which necessarily had to be determined by the court. It would have been useless for the court to have directed that a jury be empanelled as preliminary to its determining that there was no case for a jury. If plaintiff, in demanding a jury, had stated his case as he showed it in evidence, the court could then have announced that there was nothing for a jury to try.

The judgment is affirmed. All concur.