# CHARLES D. MATTHEWS, Respondent, v. CAROLINE B. STEPHENSON et al., Appellants.

### Kansas City Court of Appeals, May 19, 1913.

1. **MECHANIC LIENS: Judgment: Waiver.** Plaintiff sued to establish a mechanic's lien. When he filed the petition with the clerk no direction not to issue summons was given. The owners of the property and certain holders of a deed of trust were made parties. Two days after the filing of the petition, an attorney representing the owners, and having authority, appeared in court and confessed judgment. The court, thinking he had authority to represent all defendants, rendered judgment against the owners for the amount due and enforced same as a lien against all defendants. No summons had been issued for any one. At the next term one of the defendants, Rose, holding a deed of trust on the property, inferior to the lien if legal, filed a motion to vacate the judgment. The court sustained the motion and set aside the judgment as to the moving defendant and all other defendants not appearing. Thereupon summons were issued for all defendants not appearing, and same were served at the return term thereof; the defendant Rose filed answer admitting certain facts, but setting up that plaintiff had no contract with the owners to do the work for which a lien was sought. The former judgment was not relied upon in any way as a finality by plaintiff, but the whole question was litigated between him and defendant Rose. The court enforced the judgment as a lien on the property superior to the lien held by Rose on his deed of trust: *Held*, that, as plaintiff did nothing to waive a lien, and there is nothing in the statute to forbid a lien under the peculiar circumstances of this case, plaintiff's lien was not merged in the former judgment. Had he relied on the former judgment as a finality and thereby precluded the defendants from litigating the issues involved, a different question would present itself.

2. ————: **Suit Within Ninety Days.** As the plaintiff did nothing to prevent summons issuing and was in no way responsible for the same not being issued, the fact that the clerk did not issue the summons until ordered to do so by the court will not deprive plaintiff of his lien even though the summons was not issued until after the expiration of the ninety days from the filing of the lien claim.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris*, Judge.

AFFIRMED.

*Walker & Walker* for appellants.

(1) The court should have sustained appellants' plea of the ninety day Statute of Limitation relating to mechanic's liens. Taking judgment on the second day after filing petition plaintiff in effect directed clerk not to issue writs. Sec. 8228, R. S. 1909; White v. Read, 60 Mo. App. 380; McCormick v. Clopton, 150 Mo. App. 129, 136; Forrey v. Holmes, 65 Mo. App. 114; Lumber Co. v. Wright, 114 Mo. 326, 331; Mc-Grath v. Railroad, 128 Mo. 1. (2) The court erred in not sustaining appellants' plea of former adjudication. The mechanic's lien account was merged in the judgment against defendant Stephenson. Dutton v. Herman, 22 Mo. App. 458; Slate Co. v. Cornice & Iron Co., 62 Mo. App. 569; Wycoff v. Hotel Co., 146 Mo. App. 554, 559. (3) The court erred in rendering judgment against appellants at January term, 1912. Regarded as a second judgment it was error. Regarded as a completion of the judgment against defendant Stephenson it was error. Smith's Admr. v. Rollins, 25 Mo. 408; Ins. Co. v. Clover, 36 Mo. 392; Helton v. Towner, 81 Mo. 360, 366; Williams v. Hudson, 93 Mo. 524, 528; Lenox v. Clark, 52 Mo. 115; Crispen v. Hannovan, 86 Mo. 150, 168; Cruchon v. Brown, 57 Mo. 39; State ex rel. Ozark Co. v. Tate, 109 Mo. 265, 270; Walker v. Mills, 210 Mo. 693; Western Co. v. Boyce, 74 Mo. App. 343; Hicks v. Scofield, 121 Mo. 381; Lumber Co. v. Ballentine, 54 Mo. App. 172, 176; Landau v. Cottrill, 159 Mo. 308; McLaren v. Real Estate Co., 126 Mo. App. 254.

*W. H. Rothwell* for respondent.

TRIMBLE, J.—Suit on account to enforce a mechanic's lien for the sale and installation of a heating plant in a residence owned by defendant Caroline

B. Stephenson. The suit is against Mrs. Stephenson, her husband, W. G. Stephenson, and Marion Rose the holder of a deed of trust thereon. There were other defendants who held deeds of trust on the property but, as the controversy here is between plaintiff and defendant Rose only, the names and interests of those other defendants need not be stated. The facts are not in dispute. Under contract with the owner, Mrs. Stephenson, plaintiff sold and installed a hot water heating plant in her residence, fininshing the work December 19, 1910. Not receiving his pay, he filed his statement for a mechanic's lien June 12, 1911, within the six months allowed by law, and the sufficiency of the statement is conceded. June 19, 1911, seven days later, he brought suit against the owners of the property for the sum due on the lien account and to enforce the lien, making all the defendants above referred to parties therein.

The suit was commenced by filing the petition with the clerk in the ordinary way and no direction was given him to withhold or delay issuing summons, The owners of the property authorized an attorney to confess judgment for them and on June 21, 1911, two days after the institution of the suit, he appeared in court and did so. The court, thinking that he appeared for all defendants, rendered judgment against the owners for the amount due and enforced same as a lien against all the defendants. No summons had been served upon these other defendants, or upon any defendant for that matter, and it is undisputed that no one really had any authority to confess judgment for anyone except the owners. The judgment against all defendants stood thus *until the next term* without attack from any one. At the next term, however, defendant Rose, October 27, 1911, filed a motion to vacate said judgment. Said motion is not preserved in the record and it does not appear whether said motion asked that the judgment be set aside as to all

the defendants or only as to those not served.  It is.
presumable, however, that it asked that it be set aside
only as to the defendants not served since the order
of court, made November 27, 1911, recites that the
motion is sustained and the judgment is ordered set.
aside as to the defendants not served, naming them,
on the ground that none of said named defendants.
had been served with process.  The order, however,
did not set aside the judgment as to the Stephensons.
Thereupon summons was issued for Rose and the other
defendants who had not appeared, which was return-
able to the next or January, 1912, term.  At that term
defendant Rose appeared and *filed answer* admitting
that Mrs. Stephenson was the owner of the property
at the time of the filing of the petition, admitting that
$109.45 had been paid on plaintiff's account as in the
petition alleged, admitting that he was the holder of
a deed of trust as stated in said petition, but denying
each and every other allegation in said petition con-
tained and *alleging that plaintiff had no contract with
the owners to install the plant.* Said answer then pro-
ceeded to allege as a bar to the action, that suit had'
not been commenced within ninety days after the filing
of the lien as required.  And said answer further set
up the judgment theretofore rendered, which had not.
been set aside as to the Stephensons, pleading the
same as a bar to any further proceeding.  These alle-
gations of new matter were denied in the reply:
Thereupon a trial was had January 6, 1912, before the
court, a jury being waived.

The plaintiff did not treat the judgment thereto-
fore rendered against the Stephensons as a finality so
far as Rose was concerned, nor did he rely in any way
upon said judgment or treat it as establishing his ac-
count.  On the contrary, he introduced his evidence in
full, showing his contract with the owners, the dates;
of the installation of the plant and when the last work
was done, the filing of the lien and everything else

required to obtain a judgment and lien. In other words, he proceeded with his evidence the same as if no former judgment had been obtained against the owners, and defendant Rose had full opportunity to meet and controvert the evidence and litigate all the issues created by the petition, answer and reply. But he offered no evidence to controvert the correctness of the account. Nor does he now contend that there was anything omitted or insufficient in the steps taken to establish a lien. His main contention is that, as the judgment against the owners was obtained at the June, 1911, term of court, the account sued on became merged in the judgment and the right to a lien was thereby lost.

At the close of all the evidence the court took the case under advisement and a few days later rendered judgment in favor of plaintiff in which it is recited that, "the court being now fully advised in the premises doth find the issues herein for the plaintiff. The court doth find that heretofore, at the June term, 1911, of this court, judgment was rendered against the defendants Caroline B. Stephenson and W. G. Stephenson, her husband, for the sum of $415.55, which said judgment was by the court declared to be a lien on the interests of the said Caroline B. Stephenson and W. G. Stephenson, her husband, upon the real estate described in plaintiff's petition and hereinafter described and that said judgment is now a valid judgment and lien against the said defendants, and is a prior lien to the deed of trust given by the said Caroline B. Stephenson and W. G. Stephenson, her husband, to the defendant Marion A. Rose." It further recites that, "The court doth further find that the plaintiff having heretofore, as aforesaid, obtained a judgment against the said defendants Caroline B. Stephenson and W. G. Stephenson, her husband, . . . is entitled to have a mechanic's lien upon the real estate and premises described in plaintiff's petition

. . . as against the defendants . . . Marion A.
Rose, . . . for the enforcing of plaintiff's judg-
ment heretofore rendered against the defendants Car-
oline B. Stephenson and W. G. Stephenson, her hus-
band, in this cause.'' And then renders judgment en-
forcing the lien on the property.

Now, so far as the plaintiff is concerned, he has
done nothing anywhere to indicate that he was claim-
ing under the former judgment, or had obtained or
was insisting upon any right or advantage secured
thereby. On the contrary, he offered his evidence in
the same way as if no former judgment existed, and
the court, upon the evidence offered at that time, could
have rendered the usual judgment against all the de-
fendants instead of reciting the former judgment as
it did. It cannot even be said that by retaining the
former judgment plaintiff obtained priority over
Rose's deed of trust since the work was finished De-
cember 19, 1910, and Rose's deed of trust was not filed
for record till February 23, 1911. Nor can it be main-
tained that by taking judgment in the first place he
waived a lien, since at the time of the rendition of
that judgment he thought he was getting a judgment
against all parties including a lien. So far as the rec-
ord shows, the rendition of the first judgment was
based solely on the erroneous idea that all the de-
fendants were in court, a mistake induced by the con-
fession of judgment. There is no charge that the
plaintiff knew he was not entitled to a judgment en-
forcing a lien against all defendants when the first one
was rendered; and we cannot assume that he would
knowingly ask the court to render a judgment recit-
ing that all defendants appeared and confessed judg-
ment when such was false.

So that by reason of the judgment first rendered
plaintiff did not waive a lien, nor did he obtain an
advantage over Rose, either as to the justness and cor-

rectness of said account, or as to the burden of proof in regard to it. *The first judgment was not treated as a finality by either party.* When Rose was brought into court he denied the account, admitted the payment credited thereon by the petition, but alleged that plaintiff *had no just account* since he had no contract with the owner. Plaintiff thereupon proceeded to prove the account in the petition and that he did have a contract. He also proved all other facts necessary to obtain a lien. There was no relying or proceeding on the judgment as a basis for the lien, but his suit from start to finish was on the account alleged in the petition. And in fact defendant Rose makes no contention of this kind. His defense is that by reason of plaintiff's unwitting step into the pitfall above described, the right to a lien is destroyed; no pretense that any right of defendant has been abridged or impaired, or that plaintiff has relieved himself of any burden by reason of the former judgment; simply a defense based upon the bare technicality that the account merged into the judgment.

But, under the peculiar circumstances of this case, was there really such a merger as will destroy the right to a lien? A merger destroys a lien in one of two ways, first, where by reason of taking a judgment, the lien is waived, second, because of the wording of our Mechanic's Lien Statute, sec. 8217, and the construction placed thereon by our courts. In many cases outside of this State the word "merger" is applied to what may be more correctly termed waiver, for instance, where a lien is lost by taking other security. [20 Ency. of Law, 588.] But, in the case at bar, there is no losing of the lien *by waiver* since there is no intent to waive, either express or implied. [29 Ency. of Law, 1095.] And, were it not for our statute, the obtaining of a judgment against the owner of the property for the amount due which was not a waiver would not destroy the lien, especially where the judgment is

taken under circumstances clearly showing an intention to reserve rather than relinquish the lien. [20 Ency. of Law, 501.] So that in the present case, if the first judgment destroys the lien, it does so by reason of our Mechanic's Lien Statute and not by reason of any waiver.

Now the reason a lien cannot, under our statute, be obtained upon an account that has been converted into a judgment is because the statute requires both the lien and the suit to enforce it to be *founded upon the account*. Hence, if a creditor obtains a personal judgment against his debtor and then, *in another suit,* attempts to enforce his lien, he cannot do so because by his *first* suit he has merged his account into a judgment, and *in any suit thereafter* he must proceed on his judgment and not on the original account, and this our Mechanic's Lien Statute will not permit. Such are the cases of Wycoff v. Hotel Co., 146 Mo. App. 554, and the cases cited therein. In all of them the extinguishment of the account took place in one suit and the proceeding thereafter was in another suit. I have been unable to find any authority holding that a judgment rendered *in the same proceeding,* under circumstances similar to those in this case, would bar the lien. Necessarily, in the cases just cited, the creditor by getting a judgment in one suit could not thereafter in another suit obtain a lien, because he must proceed on the judgment and not the account. But that is not this case. Here the petition declares on the account, and the suit from beginning to end is based on the account, so that there is nothing in our statute to forbid a lien. It will not do to say that the rendition of the first judgment precluded the defendant Rose from contesting the account because it did no such thing. If the plaintiff had introduced the judgment as proof of the correctness of his account, or if the court had held that, on account of the former judgment, Rose was precluded from litigating that question, then the

situation would undoubtedly be different. Nor can it be said that because summons was not issued for Rose until November 29, 1911, the suit was not commenced against him until that time, since the clerk was never directed to withhold or delay the issuance of summons. [White v. Read, 60 Mo. App. 380; McCormick v. Clopton, 150 Mo. App. 129; McGrath v. Railway, 128 Mo. 1.] Hence the suit was not barred by the ninety day statute. Nor was the issuance of summons for Rose the institution of another suit. The suit remained at all times the same, founded upon one petition declaring upon an account. The plaintiff acted in good faith throughout. As soon as it was discovered that the judgment reciting that Rose had appeared was untrue, a summons was issued for him. He was brought into court, given an opportunity to litigate the whole issue, *and he accepted and availed himself of this opportunity, and both sides treated the judgment against the Stephensons as in no way establishing the account in issue at that time.* Under such circumstances how can he claim now that the account was merged so as to destroy the right to a lien?

It is urged that plaintiff, if he did not wish to lose his lien right, should have insisted that the judgment be set aside as to all the defendants at the time the court set it aside as to Rose. But plaintiff was not the moving party at that time. It was the court acting in response to the request of Rose. Besides, the court had no real authority to set aside the judgment rendered *at a former* term on a mere motion. Plaintiff could have resisted the motion and compelled Rose to bring a direct action to annul the judgment. Instead, he allowed Rose to do what he would with the judgment and as soon as the court set it aside as to him, or entered an order to that effect, the plaintiff joined with Rose in treating the judgment as a nullity and proceeded with the case on the account. In such case the former judgment cannot be said to destroy the

lien, either by way of waiver, or on account of our statute. The conclusion thus reached does not controvert the principle laid down by the cases, that when in one action a creditor has obtained a judgment against his debtor, he cannot in another action obtain a mechanic's lien. Nor can this decision be used as a precedent that, even under the circumstances of this case, a judgment against the owner can be used to prevent holders of liens on the property from fully and freely contesting the correctness of the account. Such being the case, and the plaintiff having done everything entitling him to a lien and nothing knowingly to prevent him from having one, and there being nothing in the statute forbidding him from having it under the circumstances of this case, the judgment should be affirmed. So ordered.

*Ellison, P. J.*, concurs; *Johnson, J.*, dissents.