In re INTERSTATE REFINERIES, Inc.

In re INTERSTATE REFINERIES IN-CORPORATED OF VIRGINIA.

(District Court, W. D. Missouri, W. D. September 16, 1926.)

Nos. 5318, 5319.

1. Mechanics' liens ⬤➾214—Entry of general judgment on account bars mechanic's lien under Missouri law (Missouri Mechanic's Lien Law).

Under Missouri Mechanic's Lien Law (Rev. St. Mo. 1919, §§ 7216–7249), the entry of a general judgment on the account bars mechanic's lien or prevents its enforcement.

2. Equity ⬤➾56—Equity regards substance rather than form.

A court of equity regards substance rather than form.

3. Bankruptcy ⬤➾209(1½)—Proceeding to enforce mechanic's lien against bankrupt's property is equitable in nature.

Proceeding to enforce mechanic's lien against assets of bankrupt is equitable in nature, such that courts will look through the form of statutes to the substance thereof and enforce rights as they are found to exist.

4. Courts ⬤➾365(17)—Claimant held entitled to mechanic's lien on property of bankrupt, though he had reduced account to judgment, and notwithstanding contrary rule under state law (Missouri Mechanic's Lien Law).

Claimant held entitled to mechanic's lien against property of bankrupt, notwithstanding he had reduced the original account to judgment, and notwithstanding contrary rule under Missouri Mechanic's Lien Law (Rev. St. Mo. 1919, §§ 7216–7249); federal courts not being required to follow decisions of state courts in cases depending on general principles of equity jurisprudence.

5. Courts ⬤➾365(1)—Federal courts need not follow decisions of state courts in cases depending on general equity principles.

Federal courts are not bound to follow the decisions of the state courts in cases depending on the general principles of equity jurisprudence.

In Bankruptcy. In the matter of the bankruptcy of the Interstate Refineries, Inc., a Delaware corporation, and the Interstate Refineries Incorporated of Virginia. On petition to review an order of the referee denying right of interveners to present a preferred claim under the Missouri Mechanic's Lien Law. Order of referee reversed, with directions.

Henry A. Bundschu, of Kansas City, Mo., for trustee.

Spencer Harris and Clyde Taylor, both of Kansas City, Mo., for intervener.

REEVES, District Judge. This is a petition to review an order of a referee in bankruptcy. Interveners seek to establish an indebtedness against the bankrupt in the sum of $29,000 and to enforce same as a preference growing out of the Mechanic's Lien Law of the state of Missouri (Rev. St. Mo. 1919, §§ 7216–7249). It is apparently admitted by the parties that the indebtedness was originally created under circumstances which brought it within the Missouri law in relation to liens of mechanics and materialmen.

The trustee in bankruptcy disputes the lien of the claim, because the amount involved has heretofore been reduced to a judgment in the state court of Kansas. It is argued that the reduction of the original account to a judgment merged the account, and destroyed any rights originally accruing to intervener or its assignor under the Mechanic's Lien Law.

[1] 1. The Missouri Courts of Appeals sustain the contention of the trustee to the effect that the entry of a general judgment upon the account bars the lien. Lumber Co. v. Agricultural & Mechanical Soc., 59 Mo. App. 24; Boiler Works Co. v. Haydock, 59 Mo. App. 653; Slate Co. v. Cornice & Iron Co., 62 Mo. App. 569; Wycoff v. Hotel Co., 146 Mo. App. 554, 125 S. W. 550; Bewick v. Price, 169 Mo. App. 51, 154 S. W. 876: Matthews v. Stephenson, 172 Mo. App. 220, 157 S. W. 887.

The reason for this holding was aptly stated by Judge Trimble, of the Kansas City Court of Appeals, in Matthews v. Stephenson, supra, as follows: "Now the reason a lien cannot, under our statute, be obtained upon an account that has been converted into a judgment is because the statute requires both the lien and the suit to enforce it to be founded upon the account." And moreover he said: "If the first judgment destroys the lien, it does so by reason of our mechanic's lien statute and not by reason of any waiver."

It will be noted from these decisions that the courts acknowledge the existence of the right, but express their inability, under the procedure outlined by the statute, to enforce the lien where a general judgment has been obtained. There is presented, therefore, the anomalous and usually forbidden situation of a right without the means to assert it.

[2, 3] 2. Equity is alert to aid in a situation exactly like this, for equity regards substance rather than form. The procedure here is equitable in its nature, and, in the interest of justice, we look through the forms of statutes to the substance thereof, and enforce rights as they are found to exist.

[4, 5] 3. It is urged by the trustee that this

court must follow the decisions of the Missouri state courts. It is properly stated that such courts are of last resort. However, federal courts are not bound to follow the decisions of the state courts in cases depending upon the general principles of equity jurisprudence. In the interpretation of the statute there is no disagreement, but as a proceeding at law the Missouri courts have held that, although the right exists, yet the procedure prescribed by statute is such that in an action at law the state courts cannot enforce the right. The federal court, on its equity side, does not experience such an impediment in its procedure. It can enforce the right.

The order of the referee in bankruptcy, denying the right of interveners to present their claim, is reversed, with directions to entertain the claim under the Missouri statutes in relation to liens of mechanics and materialmen.